334

Commonwealth *v.* Johnson, Appellant.

Submitted April 14, 1975. Before WATKINS, P. J., JACOBS, HOFFMAN, CERCONE, PRICE, VAN DER VOORT, and SPAETH, JJ.

*John R. Cook,* Trial Defender, *John J. Dean,* Chief, Appellate Division, and *Ralph J. Cappy,* Public Defender, for appellant.

*Robert L. Campbell* and *Robert L. Eberhardt,* Assistant District Attorneys, *John M. Tighe,* First Assistant District Attorney, and *John J. Hickton,* District Attorney, for Commonwealth, appellee.

Opinion by Van der Voort, J., September 22, 1975:

Appellant Eric Johnson was arrested on September 4, 1973, and charged with burglary, theft of movable property, and theft by receiving stolen goods. Trial was held on May 23, 1974, at which time appellant pled guilty to the charges. Appellant was sentenced to undergo imprisonment for not less than 2 and not more than 4 years, to pay a fine of 6¼ cents, and to pay the costs of prosecution. The case is before us on appeal from the judgment of sentence imposed May 23, 1974.

The sole argument raised by appellant in this appeal is that his guilty plea was not knowingly and intelligently made since the trial judge failed to inform appellant of the *elements* of the crimes with which he was charged. Our review of the record of the guilty plea colloquy leads us to the conclusion that appellant was adequately informed of the specific elements of the crimes with which he was charged, and that he knowingly and intelligently pled guilty.

In *Commonwealth v. Ingram,* 455 Pa. 198, 316 A.2d 77 (1974), our Supreme Court discussed the requirement of an on-the-record colloquy prior to acceptance of a guilty plea. One of the specific issues before the Court in that case was whether the defendant had to be given more information than merely the *name* of the crime to which he was pleading, and, if more information was required, how much more had to be given. The Court stated that for a colloquy to demonstrate the defendant's understanding of the charge or charges against him, the record would have to disclose that the elements of the crime or crimes charged were outlined in understandable terms. The Court then went on to hold that the record in the case before it did not indicate that the defendant had been made aware of the elements of the crime of murder.

In the case before us, appellant's own attorney, one John Smith, conducted the colloquy. In pertinent part, the record reads:

"MR. SMITH: Do you understand you are charged with burglary, larceny, and receiving stolen goods?

THE DEFENDANT: Yes.

MR. SMITH: That means that you entered a building belonging to someone else with the intention of committing a crime, namely, the crime of theft, and that once you took this property you were in possession of property which you knew to be stolen, do you understand that?

THE DEFENDANT: Yes.

MR. SMITH: Do you understand if convicted of this offense, you could possibly be sentenced to 20 years in jail?

THE DEFENDANT: Yes."

Although this colloquy was brief, it did serve to inform appellant, *in understandable terms,* of the elements of the crimes appellant was being tried for. To require the trial court to explain in greater detail the legal definition of crimes would only serve to promote confusion and decreased understanding by defendants. We hold that in the case before us appellant was adequately informed of the elements of the crimes with which he was charged (namely burglary, larceny, and receiving stolen goods), and that the guilty plea was knowingly and intelligently made.

Judgment affirmed.