390 A.2d 1302

COMMONWEALTH of Pennsylvania

v.

**Keith McKELVEY, Appellant.**

Superior Court of Pennsylvania.

Submitted April 11, 1977.

Decided July 12, 1978.

410

Nicholas S. Kladitis, Assistant Public Defender, Mercer, for appellant.

Charles S. Hersh, Assistant District Attorney, Sharon, and Samuel J. Orr, IV, District Attorney, Greenville, for Commonwealth, appellee.

Before WATKINS, President Judge and JACOBS, HOFF-MAN, CERCONE, PRICE, VAN der VOORT and SPAETH, JJ.

PRICE, Judge:

Appellant Keith McKelvey was indicted on charges of burglary, theft by unlawful taking, theft by receiving, and conspiracy. On July 11, 1975, appellant entered a guilty plea to burglary, and pursuant to a plea agreement, the remaining charges were nol prossed. Appellant did not appeal the sentence or petition the lower court to permit the withdrawal of the plea. On July 8, 1976, appellant filed a pro se P.C.H.A. petition in which he alleged that the pre-plea colloquy was defective because it did not demonstrate a knowing and voluntary waiver of his constitutional right to a jury trial.

The primary question in this appeal is whether appellant waived his right to a determination of this issue under sections 3 and 4 of the Post Conviction Hearing Act.[1] The Commonwealth contended below, as it does on this appeal, that appellant's guilty plea attorney met with appellant several days after the sentencing hearing and was told not to take an appeal because appellant wanted to serve his sentence and be finished with the matter. Appellant's previous counsel testified to these facts at the P.C.H.A. hearing. Appellant testified in a contrary manner, stating that counsel failed to perfect an appeal despite a request that he do so. The lower court never reached the issue since it determined that the pre-plea colloquy was sufficient to establish the knowing and voluntary entry of the plea.

1. Act of January 25, 1966, P.L. (1965) 1580, §§ 3 & 4 [19 P.S. §§ 1180–3 & 4 (Supp.1977–78)]. An examination of the pre-plea colloquy reveals that appellant was not advised properly of his right to a jury trial. *See Commonwealth v. Mack,* 466 Pa. 12, 351 A.2d 278 (1976); *Commonwealth v. Washer,* 253 Pa.Super. 209, 384 A.2d 1305 (1978). The Commonwealth does not brief this point. Instead, it contends that the case must be remanded for a determination of the waiver issue. The Commonwealth, therefore, at least tacitly concedes the substantive issue.

 Section 3(d) of the Post Conviction Hearing Act [19 P.S. § 1180–3(d) (Supp.1977–78)], requires that a petitioner allege and prove that the error resulting in his conviction and sentence has not been finally litigated or waived. Recent cases of both this court and the supreme court have held that in certain circumstances a P.C.H.A. petition alleging the involuntariness of a guilty plea will be treated as a petition to withdraw in accordance with *Commonwealth v. Roberts*, 237 Pa.Super. 336, 352 A.2d 140 (1975). *Commonwealth v. Beatty*, 474 Pa. 104, 376 A.2d 994 (1977); *Commonwealth v. Schwartz*, 251 Pa.Super. 36, 379 A.2d 319 (1977). Under the *Roberts* procedure, there is no specific requirement, as there is under the Post Conviction Hearing Act, that a defendant allege and prove the absence of a waiver.[2] We conclude that *Beatty* and *Schwartz* do not apply to the facts of the instant case, and appellant must therefore comply with the requirements of the Post Conviction Hearing Act.

First, the rule in *Roberts* requiring the filing of a petition to withdraw with the lower court prior to an appeal from the entry of a guilty plea was designed simply to promote judicial economy.

"The same principles which mandate that issues not raised in post-verdict motions will not be considered on direct appeal mandate that an attack on a guilty plea on direct appeal must be preceded by the filing of a petition to withdraw such plea with the court below. The enforcement of this procedure will give the court which accepted the plea the opportunity to allow the withdrawal of the plea if it was in fact not voluntarily and understandingly made. If the defendant remains unsatisfied with the lower court's disposition of his petition to withdraw his guilty plea, then at that point the issue would be properly preserved and ripe for appellate review." *Commonwealth*

---

2. Where a defendant attempts to withdraw a plea after sentencing, however, a finding on whether the defendant acted diligently in prosecuting his claim may be relevant to the court's determination of whether the withdrawal of the plea is necessary to correct a manifest injustice.

*v. Roberts, supra,* 237 Pa.Super. at 338–39, 352 A.2d at 141.

The procedure in *Roberts* was intended to apply only to those situations where a defendant intends to file a direct appeal from the entry of a guilty plea. It was not intended as a substitute procedure for those cases which previously would have been the proper subject of a post conviction proceeding.

In *Beatty* and *Schwartz, supra,* the defendants timely filed direct appeals from the judgments of sentence. In both cases, the direct appeals were withdrawn on the advice of counsel. In *Beatty,* the P.C.H.A. petition was filed at the same time that the appeal was withdrawn. In *Schwartz,* a pro se petition was filed prior to the withdrawal of the appeal. In each of these cases it was entirely reasonable for our courts to treat the P.C.H.A. petitions as petitions to withdraw under *Roberts.* The direct appeals were withdrawn on the advice of counsel obviously in light of the appellate decisions in *Commonwealth v. Starr,* 450 Pa. 485, 301 A.2d 592 (1973) and *Commonwealth v. Roberts, supra. See also Commonwealth v. Zakrzewski,* 460 Pa. 528, 333 A.2d 898 (1975); *Commonwealth v. Lee,* 460 Pa. 324, 333 A.2d 749 (1975).

The facts of the instant case distinguish it from *Beatty* and *Schwartz.* Appellant did not file his petition until almost a year had elapsed from the date of the guilty plea. The normal appeal time had long since elapsed. Under these circumstances it would be entirely unreasonable for this court to treat the petition as if it was filed pursuant to *Roberts.* Such a view would nullify the provisions of the Post Conviction Hearing Act which, when adopted, were obviously intended to apply in guilty plea situations. *See* sections 3(c)(7) & (12) [19 P.S. §§ 1180–3(c)(7) & (12)].

In the lead opinion in *Commonwealth v. Beatty, supra,* Justice Pomeroy concluded that the waiver doctrine did not apply, stating in part as follows:

"Our recent cases, however, have corrected whatever misapprehension may have existed on this score. It is

now settled that the proper procedure for attacking a guilty plea following the entry of judgment of sentence is to file with the trial court which accepted the plea a petition to withdraw the plea. [Citations omitted]." 474 Pa. at 108, 376 A.2d at 996.

"Since guilty pleas are properly attacked in the first instance in the trial court, it follows that appellant cannot be faulted for failing to attack his plea on direct appeal. To hold otherwise would create the anomaly of penalizing appellant for failing to follow a procedure now recognized as incorrect." 474 Pa. at 110, 376 A.2d at 997 (footnote omitted).

We note that Justice Pomeroy's opinion was not joined by a majority of the court.[3] Although the result in *Beatty* is correct, the above quoted language is not necessarily controlling. The *Roberts* petition is analogous to the requirement of post-verdict motions after a trial. *Commonwealth v. Zakrzewski, supra; see also* Pa.R.Crim.P. 321 (effective January 1, 1978). As such, it does not follow that a direct appeal is an incorrect procedure for attacking a guilty plea. If an issue is adequately preserved in the lower court by the filing of a petition, it will be considered on direct appeal. Obviously, therefore, the failure to take a direct appeal can constitute a waiver for P.C.H.A. purposes. This is particularly true where, as in the instant case, appellant's guilty plea counsel testified that appellant expressly stated his desire not to appeal.

■ Based on the foregoing, we conclude that this case must be remanded for further proceedings to determine whether appellant has waived his right to further relief under the Post Conviction Hearing Act. If it is determined that appellant did not waive his rights, he shall be granted the right to a new trial. If, on the other hand, it is determined that appellant did waive his rights, the order of

**3.** The lead opinion in *Beatty* was joined by Justice O'Brien and former Chief Justice Jones. Justice Roberts filed a concurring opinion. Justice (now Chief Justice) Eagen and Justices Nix and Manderino concurred in the result.

the lower court denying appellant's P.C.H.A. petition shall be affirmed.[4]

CERCONE, J., concurs in the result.

WATKINS, former President Judge, did not participate in the consideration or decision of this case.

4. Appellant also contends that the judge at the P.C.H.A. hearing should have recused himself because he presided at the guilty plea proceedings. There is no indication that the interest of justice warranted recusal and therefore this issue is without merit. Appellant further argues that he was deprived of due process because he was not afforded a hearing on his petition for bail. We need not address this issue because the record reveals that it was never raised before the P.C.H.A. court and is therefore waived.