396 A.2d 748

COMMONWEALTH of Pennsylvania

v.

**Sandy MITCHELL, Appellant.**

Superior Court of Pennsylvania.

Submitted March 29, 1978.

Decided Dec. 29, 1978.

Petition for Allowance of Appeal Granted August 6, 1979.

Calvin S. Drayer, Jr., Assistant Public Defender, Norristown, for appellant.

James A. Cunningham, Assistant District Attorney, Norristown, for Commonwealth, appellee.

Before JACOBS, President Judge, and HOFFMAN, CERCONE, PRICE, VAN der VOORT, SPAETH and HESTER, JJ.

SPAETH, Judge:

This is an appeal from two orders, one dismissing appellant's petition to withdraw his guilty plea and the other dismissing his Post Conviction Hearing Act petition.

On March 20, 1976, appellant was charged with aggravated assault, recklessly endangering another person, and terroristic threats. When the case was called for trial, on October 14, Judge CIRILLO asked the Commonwealth to call its complaining witnesses. The Commonwealth called both of them but neither appeared. Judge CIRILLO said that the witnesses should have been present, and dismissed the case, finding appellant "not guilty." (N.T. 16, 17, 18, Hearing on Post Conviction Hearing Act petition). On November 4 Judge CIRILLO revoked this finding when he discovered that the witnesses had not been present on October 14 because the District Attorney thought the matter would be handled as a guilty plea. On November 22 appellant appeared to enter a plea of guilty to all the charges. Judge DAVENPORT accepted the plea after an extensive hearing in which appellant's attorney, the Commonwealth, and the judge all made a careful effort to insure that the plea was voluntary and intelligent. Judge DAVENPORT placed appellant on probation for one year. Appellant violated his probation, and on January 21, 1977, Judge DAVENPORT resentenced him to 18 months to 5 years in a state

correctional institution. On April 19, 1977, appellant filed his petition to withdraw his guilty plea, alleging that his plea had not been "knowingly, intelligently or voluntarily entered." On May 4 appellant filed his Post Conviction Hearing Act petition, alleging that he had been denied his constitutional right to representation by effective counsel. On June 28, after a short, untranscribed argument, Judge CIRILLO denied the petition to withdraw the guilty plea. On July 20, after a hearing, Judge DAVENPORT denied the Post Conviction Hearing Act petition.

First, appellant argues that his guilty plea was not voluntary and intelligent because he was not asked whether he knew he had a possible defense of double jeopardy and whether he was willing to waive that defense; appellant suggests that knowledge of this possible defense would have influenced his decision to enter the plea. Second, appellant argues that his counsel was ineffective because he failed to inform him that he had a possible defense of double jeopardy and failed to raise this defense at the guilty plea hearing.

Before considering appellant's arguments, we must examine the procedure followed in this case. In filing both a petition to withdraw his guilty plea and a Post Conviction Hearing Act petition, appellant obviously was being very careful to make sure that his objections to the guilty plea would be heard below and not be considered waived on appeal. The extent of the caution exhibited here was unnecessary. In *Commonwealth v. Schwartz,* 251 Pa.Super. 36, 379 A.2d 319 (1977), we stated that the proper procedure for objecting to a guilty plea was to file a petition to withdraw it, instead of appealing directly or filing a Post Conviction Hearing Act petition. *See also Commonwealth v. Roberts,* 237 Pa.Super. 336, 352 A.2d 140 (1975). We shall therefore summarily affirm Judge DAVENPORT's dismissal of the Post Conviction Hearing Act petition and consider only appellant's earlier petition to withdraw the guilty plea.[1]

1. The record indicates that appellant's attorney, from the Public Defender's staff, realized that a Post Conviction Hearing Act petition is not the proper procedure for contesting the guilty plea. On July

 We may not consider appellant's petition on its merits unless it was timely filed. *See generally Commonwealth v. Rosmon,* 477 Pa. 540, 384 A.2d 1221 (1978). In *Rosmon,* the Court held that the timeliness of a petition to withdraw a guilty plea is governed by Pa.R.Crim.P. 321, which requires that the petition be filed within ten days of sentencing. The Court, however, refused to apply the rule because it did not become effective until September 1, 1977, and the petition in that case had been filed before that date. Instead the Court asked whether the petitioner had used "due diligence" in filing the petition and found that he had done so, even though he had waited a month after sentencing. *Commonwealth v. Rosmon, supra,* 477 Pa. at 543 n. 1, 384 A.2d at 1223 n. 1; *See also Commonwealth v. Bunch,* 466 Pa. 22, 28 n. 6, 351 A.2d 284, 286 n. 6 (1976) ("The test of timeliness is 'due diligence, considering the nature of the allegations therein.'") In this case we are likewise confronted by a petition filed before Pa.R.Crim.P. 321 became effective. As in *Rosmon,* we find that the petition was timely filed. Although the delay here was longer than in *Rosmon,* there is no assertion by the Commonwealth[2] nor any basis in the record for concluding that appellant failed to exercise "due diligence".[3]

In *Commonwealth v. Starr,* 450 Pa.Super. 485, 490, 301 A.2d 592, 595 (1973), the Court said, "Where, as here, the withdrawal of the plea is sought only after sentence has

11, 1977, he filed a petition to withdraw the Post Conviction Hearing Act petition without prejudice.

**2.** The Commonwealth does not raise the issue of timeliness in its brief.

**3.** It seems likely that the delay was attributable to change of counsel. Appellant had one attorney at the sentencing hearing and another at the guilty plea hearing. It is not clear when this change took place. Appellant's third attorney, from the Public Defender's staff, prepared appellant's petition to withdraw the guilty plea. It is not clear how soon after sentencing this third attorney was appointed. The petition to withdraw the guilty plea states that "the defendant's present attorney gained knowledge of the above facts [i. e. that guilty plea was not entered 'knowingly, intelligently, or voluntarily'] when he was appointed by the Public Defender's Office to represent the defendant on other charges."

been imposed, a showing of prejudice on the order of manifest injustice is required before withdrawal is properly justified."[4] *See Commonwealth v. Rosmon, supra,* 477 Pa. at 543 n. 1, 384 A.2d at 1223 n. 1; *Commonwealth v. Hare,* 475 Pa. 234, 237, 238, 380 A.2d 330, 331 (1977); *Commonwealth v. Riggins,* 474 Pa. 507, 510 n. 3, 378 A.2d 1229, 1231 n. 3 (1977); *Commonwealth v. Sutton,* 465 Pa. 335, 340, 350 A.2d 793, 796 (1976); (Concurring opinion, POMEROY, J.); *Commonwealth v. Zakrzewski,* 460 Pa. 528, 532 n. 2, 333 A.2d 898, 900 n. 2 (1975). In *Commonwealth v. Starr, supra,* the Court remanded with instructions to consider the petition to withdraw the guilty plea in light of the "manifest injustice" standard. The Court did not itself apply the standard because it had not observed the witnesses at the guilty plea proceeding. Here, such a remand would serve no purpose, for appellant's arguments do not turn on either his own credibility or that of the other witnesses who appeared at the guilty plea proceeding. We shall therefore decide ourselves whether such "manifest injustice" appears as requires that appellant's petition be granted.

■■ We are not persuaded by appellant's first argument, that his guilty plea was not voluntary and intelligent because he was not asked whether he knew he had a possible defense of double jeopardy and whether he was willing to waive that defense. Appellant cites *Commonwealth v. Roundtree,* 440 Pa. 199, 269 A.2d 709 (1970), for the proposition that "Before a guilty plea can be considered to be entered knowingly and intelligently, the defendant should be advised of any possible defense which he may have, and whether he is willing to waive that defense. Specifically, the defendant must state that he is aware that by pleading guilty he loses the opportunity to claim the defense." Appellant's Brief at 6. This is far too broad a reading of *Roundtree.* In that case the petitioner had pleaded guilty to

---

4. The "manifest injustice" standard is based on ABA *Standards Relating to Pleas of Guilty* § 2.1 (Approved Draft 1968).

murder even though his testimony at the plea proceeding pointed to a possible self-defense claim. The Court affirmed the denial of the petition on the basis of its finding that the petitioner had no valid self-defense claim, but it did say that "if a defendant pleads guilty to a criminal charge, and in the next breath contravenes the plea by asserting facts which, if true, would establish that he is not guilty, then his guilty plea is of no effect and should be rejected. For on its face, such a situation would show that the plea was not entered with a complete comprehension of its impact." *Commonwealth v. Roundtree, supra,* 440 Pa. at 202, 269 A.2d at 711. *See also, Commonwealth v. Thompson,* 466 Pa. 15, 351 A.2d 280 (1976); *Commonwealth v. Rodgers,* 465 Pa. 379, 350 A.2d 815 (1976). Here, appellant made no assertion during the guilty plea proceeding indicating a possible defense to the charges. So far as double jeopardy is concerned, it could not have been asserted as a possible defense. Jeopardy does not attach in a case without a jury until the court has begun to hear evidence. *Commonwealth v. Smith,* 232 Pa.Super. 546, 334 A.2d 741 (1975); *Commonwealth v. Culpepper,* 221 Pa. Super. 472, 293 A.2d 122 (1972). Judge CIRILLO's opinion in support of his order makes it clear that when the case was called for trial, on October 14, 1976, he heard no evidence. Therefore, jeopardy had not attached before the guilty plea proceeding on November 4.

 It follows from this conclusion that appellant's second argument, that his counsel was ineffective for failing to inform him that he had a possible defense of double jeopardy and for failing to raise that defense, is without merit. If a particular defense would be futile, counsel is not ineffective for failing to raise it. *See Commonwealth v. Dever,* 243 Pa.Super. 87, 94, 364 A.2d 463, 466 (1976).

Affirmed.

HOFFMAN, J., did not participate in the consideration or decision of this case.