· 420 A.2d 1346

**COMMONWEALTH of Pennsylvania**

v.

**Donald Edwin BAYLOR, Jr., Appellant.**

Superior Court of Pennsylvania.

Argued Nov. 12, 1979.

Filed July 11, 1980.

Richard M. Serbin, Altoona, for appellant.

David P. Andrews, Assistant District Attorney, Hollidaysburg, submitted a brief on behalf of Commonwealth, appellee.

Before PRICE, CAVANAUGH and WATKINS, JJ.

CAVANAUGH, Judge:

Mr. Baylor appeals two lower court orders which denied his petition to withdraw his guilty plea nunc pro tunc and his petition for relief under the Post Conviction Hearing Act (PCHA).[1] He argues that his guilty plea colloquy was defective, that the judge erred in sentencing him without ordering a presentence investigation report, and that after–discovered evidence entitles him to withdraw his guilty plea. We do not reach the merits of these arguments, instead we remand for an evidentiary hearing.

On March 31, 1977, the appellant pled guilty to burglary and forgery and was given consecutive sentences of two and a half to five years' imprisonment for the burglary conviction and one to two years' imprisonment for the forgery conviction. He did not directly appeal these sentences.

On May 5, 1978, more than one year after sentencing, the appellant filed a *pro se* PCHA petition. Soon thereafter, present counsel was appointed and counsel filed a petition to withdraw the guilty plea nunc pro tunc and a separate amended PCHA petition. The lower court held a hearing on both petitions and denied relief. This appeal followed.

The issue we consider is whether waiver as defined by the PCHA,[2] applies to a person who fails to directly appeal his guilty plea and after the time for direct appeal expires either petitions to withdraw his plea or petitions for PCHA relief. We conclude that it does apply to such a situation.

At the outset we note that Pa.R.Crim.P. 321 requires inter alia that a motion challenging the validity of a guilty plea be filed within ten days after sentence is imposed. However, Rule 321 was not effective until September 1, 1977. Therefore, it does not govern the instant case. The determination of the question in the instant case requires the analysis of several cases.

1.  19 P.S. § 1180–1 et seq. (Supp.1979).

2.  19 P.S. § 1180–4(b) (Supp.1979).

In *Commonwealth v. Newell*, 486 Pa. 474, 406 A.2d 733 (1979), as in the instant case, the defendant pled guilty, failed to directly appeal, and after the time for direct appeal expired, he filed a petition to withdraw his plea and a petition under the PCHA. In affirming the lower court's denial of relief, the majority of the Supreme Court[3] analyzed the situation solely in terms of PCHA waiver. *Id.*, 486 Pa. at 476–478, 406 A.2d at 734–35. Moreover, the majority held there was waiver even though the guilty plea colloquy was defective because of the lower court judge's failure to adequately explain the elements of the crime in understandable terms. *Id.*

In *Commonwealth v. Thompson*, 263 Pa.Super. 323, 397 A.2d 1230 (1979), we quashed an appeal from a denial of a motion to withdraw a guilty plea since the motion was filed after the expiration of the appeal period and no direct appeal had been taken.

In *Commonwealth v. McKelvey*, 257 Pa.Super. 409, 390 A.2d 1302 (1978), the defendant had pled guilty, had not filed a direct appeal, and had not filed a petition to withdraw his guilty plea. More than one year after he was sentenced he filed a PCHA petition which attacked his guilty plea. We considered whether the PCHA petition should have been considered as a petition to withdraw a guilty plea and thus not be subjected to PCHA waiver analysis and instead be governed by due diligence. We concluded that the PCHA petition should not be considered as a petition to withdraw a guilty plea. Judge Price, writing for the Court, reasoned that the requirement of filing a petition to withdraw a guilty plea before appealing, *Commonwealth v. Roberts*, 237 Pa.Super. 336, 352 A.2d 140 (1975), was meant to apply only when the defendant intended to file a direct appeal and was not meant "as a substitute procedure for those cases which previously would have been a proper subject of a postconviction proceeding." *Id.* 257

---

**3.** Both the opinion of the court, which was written by Justice Flaherty and joined by Justices O'Brien and Larsen, and the concurring opinion, which was written by Justice Roberts and joined by Chief Justice Eagen, used a PCHA waiver analysis.

Pa.Super. at 413, 390 A.2d at 1304. To allow a PCHA petition to be considered as a petition to withdraw a guilty plea and therefore not be subject to PCHA waiver, would "nullify the provisions of the Post Conviction Hearing Act which, when adopted, were obviously intended to apply in guilty plea situations." *Id.* (citation omitted).

*Newell, Thompson* and *McKelvey* support the view that the instant case should be analyzed solely in terms of PCHA waiver. Moreover, the facts in *Newell* are in all material respects the same as those in the instant case. Before we can conclude that PCHA waiver applies, we must consider those cases which employ a due diligence analysis.

In *Commonwealth v. Rosmon*, 477 Pa. 540, 384 A.2d 1221 (1978), the defendant pled guilty, was sentenced and filed a petition to withdraw his guilty plea a month after sentencing. The petition to withdraw the guilty plea was denied and the defendant appealed. The Supreme Court announced that the timeliness of efforts to withdraw guilty pleas was to be governed by due diligence. *Rosmon, supra,* 477 Pa. at 542 n.1, 384 A.2d at 1223 n.1.

In *Commonwealth v. Mitchell*, 262 Pa.Super. 268, 396 A.2d 748 (1978), the defendant pled guilty, was sentenced and did not appeal. Almost five months after sentencing, he filed a petition to withdraw his guilty plea and later filed a PCHA petition. Both petitions were denied and he appealed. The Superior Court relied on *Rosmon* to determine the timeliness of the petition to withdraw the guilty plea and held that it was filed with due diligence. *Mitchell, supra,* 262 Pa.Super. at 270–274, 396 A.2d at 750–51.

*Rosmon* is consistent with *Newell* and *Thompson.* In *Rosmon* the defendant filed his petition to withdraw his guilty plea a month after sentencing and it was therefore filed within the time for taking a direct appeal. Since our cases required the filing of a petition to withdraw a guilty plea with the lower court before taking a direct appeal, *Commonwealth v. Lee*, 460 Pa. 324, 333 A.2d 749 (1975); *Commonwealth v. Roberts*, 237 Pa.Super. 336, 352 A.2d 140 (1975) and since the Pennsylvania Rules of Criminal Proce-

dure did not require the defendant to file the petition to withdraw a guilty plea earlier (Pa.R.Crim.P. 321 was not effective when Rosmon was sentenced), employing a due diligence standard was proper. In contrast to *Rosmon*, the defendants in *Newell* and *Thompson* took no action within the thirty days after sentencing.

*Mitchell*, however, is inconsistent with *Newell* and *Thompson* since the defendant did not file either a petition to withdraw a guilty plea or a direct appeal within thirty days after sentencing. Under *Thompson*, Mitchell's appeal from the denial of his petition to withdraw would be quashed and under *Newell* his attack on his guilty plea would be subject to PCHA waiver analysis. Thus, the due diligence analysis in *Mitchell* does not survive after *Newell* and *Thompson*.

■ We conclude that when Pa.R.Crim.P. 321 does not govern,[4] if a defendant files a petition to withdraw a guilty plea within the time for a direct appeal (thirty days after sentencing), the timeliness of the petition is determined by due diligence. *Rosmon, supra.* If, however, Pa.R.Crim.P. 321 does not govern and a defendant fails to attack his guilty plea within the time for a direct appeal and later files either a petition to withdraw a guilty plea or a PCHA petition, PCHA waiver analysis should be employed. *Newell, supra.*

■ Our decision is supported not only by precedent, *Newell, Thompson* and *McKelvey*, but also by policy. A person who fails to take a direct appeal may attack his guilty plea under PCHA. 19 P.S. § 1180–3(c)(7) and (12) (Supp.1979); *McKelvey, supra.* In such a case, PCHA definition of waiver applies. 19 P.S. § 1180–3 (Supp.1979); *McKelvey, supra.* If instead, a person who fails to take a direct appeal attacks his guilty plea solely by a petition to withdraw and we employ a due diligence analysis rather than PCHA waiver analysis, different results will occur merely because of the procedure used to attack the plea. We think it unwise to

4. When Pa.R.Crim.P. 321 governs, our Supreme Court has held that dismissal of a petition to withdraw a guilty plea is proper when it is filed beyond the ten–day period provided in Pa.R.Crim.P. 321. *Commonwealth v. Higgins*, —— Pa. ——, at n.5, 424 A.2d 1222, at n.5 (1980.).

allow such differing results to occur merely because of a choice of procedure. Therefore, we analyze the instant case in terms of PCHA waiver.

An issue is waived under PCHA if the petitioner knowingly and understandingly failed to raise it and it could have been raised on appeal, and the petitioner is unable to prove the existence of extraordinary circumstances to justify his failure to raise the issue. 19 P.S. § 1180–4(b) (Supp. 1979). Moreover, there is a rebuttable presumption that a failure to raise an issue is a knowing and understanding failure. 19 P.S. § 1180–4(c) (Supp.1979).

In the instant case, the lower court did not determine whether the appellant waived under PCHA his right to attack his guilty plea.[5] Thus, the lower court made no finding of fact on the waiver issue. Moreover, our review of the record discloses that it is inadequate for us to determine the waiver issue.

Therefore, we remand the case for an evidentiary hearing to determine whether the appellant has waived his right to attack his guilty plea.

Remanded for proceedings consistent with this opinion.

---

5. Although *Newell* was decided after the lower court had decided the instant case, the lower court did not employ a due diligence analysis as required by *Rosmon* and *Mitchell, supra.*