421 A.2d 1094

**COMMONWEALTH of Pennsylvania**

v.

**David ALLEN, Appellant.**

Superior Court of Pennsylvania.

Submitted April 16, 1980.

Filed Sept. 26, 1980.

600

John H. Corbett, Jr., Pittsburgh, for appellant.

Kathryn L. Simpson, Assistant District Attorney, Pittsburgh, for Commonwealth, appellee.

Before SPAETH, WICKERSHAM and LIPEZ, JJ.

SPAETH, Judge:

This is an appeal from an order denying appellant's petition to withdraw a plea of guilty.

On September 25, 1975, appellant, represented by an attorney from the Public Defender's Office, pleaded guilty to a nine count indictment charging him with possession with intent to deliver a controlled substance,[1] delivery of a controlled substance,[2] and possession of a controlled substance.[3] Appellant filed neither post–verdict motions nor a direct appeal.

On February 11, 1976, appellant filed a petition under the Post Conviction Hearing Act,[4] alleging:

(1) Ineffective Assistance of Counsel. (2) Defendants Guilty Plea Was Unlawfully Induced. (3) That The Sentence Was Illegal. (4) The Court Did Not Have Jurisdiction Over The Case. 1. Defendant States That His Guilty Plea Was Illegally, Involuntarily Induced By Certain Mis-

1. 35 P.S. § 780–113(a)(30).

2. 35 P.S. § 780–113(a)(30).

3. 35 P.S. § 780–113(a)(16).

4. Act of Jan. 25, 1966 P.L. (1965) 1580, § 1 *et seq.*, 19 P.S. § 1180–1 *et seq.*, (Supp.1979–80).

representations Made By His Court Appointed Attorney And District Attorney.

2. Defense Counsel Further Denied This Defendant Correct Representation By Not Having A Compleat Copy Of The Indictment Or Transcript Of The Preliminary Hearing. By Handling This Defendants Case In Such A Manner That Defendants Rights Were Not Adequately Protected As A Accused.

3. Defendant Further States That His Guilty Plea Was Based On Threats That Other Charges Would Be Dropped If Defendant Plead Guilty. None Of Which Was The Personal And Voluntary Decision Of The Accused. I Was Induced By Promises Or Threats Which Deprives It Of The Character Of A Voluntary Act Is Void. And Deprives Accused Of Due Process And Equal Protection Of The Law.

4. The Defendant Also Contends That The Sentence Was Illegal, And Denied Due Process Of Law. Where Attorney For The Commonwealth Objected To Pre–Sentence Report And The Court Basing Its Holdings To Disclosure Of Prior Convictions Where Defendant Has No Drug Related History. The Court Relied On Unconstitutionally Obtained Convictions, Confessions And Other Misinformation Which Adversely Affects The Defendants Interest.

5. The Court Should Not Have Jurisdiction Over The Case. Where The Same Two Government Agencies Working Together, Where One Can't Oppose The Other The Defendant Contends It Was A Conflict Of Interest In The Counsel For The Defendant And The Parties Toward Whom The Allegations Are Directed.

6. The Defendant Further Contends, Under All The Circumstances Of The Case, The Prosecuting Attorney For The Commonwealth Must Be Such Unavoidable Effect Would Be To Prejudice The Court. Forming In Their Minds A Fixed Bias And Hostility Towards The Defendant's Behalf Such Circumstances Of Doubt, Extenuation Or Degree of Guilt Which May Be Present In This Case.

The lower court appointed another attorney from the Public Defender's Office to represent appellant during the PCHA proceedings. On August 9, 1976, appellant presented to the lower court a petition to amend his PCHA petition and to withdraw the guilty plea. This petition quoted directly from paragraph 3 of the original PCHA petition, omitting the other allegations, and requested permission to withdraw the guilty plea on the ground that appellant's plea was involuntary as based on promises to drop other charges. The lower court granted appellant's motion to amend, and conducted a hearing on the amended PCHA petition and petition to withdraw. On September 8, 1976, the lower court denied the PCHA petition, but issued no order on the petition to withdraw. No appeal was taken from this denial.

On November 17, 1978, appellant filed his second petition to withdraw his guilty plea. In it, he alleged that the guilty plea colloquy "fails to demonstrate that petitioner was advised of the elements of the crimes to which he was pleading guilty as is required by Pa.R.Crim.P. 319 and by decisions of the Supreme Court of Pennsylvania." (Citations omitted.) Appellant further alleged that the issues raised in the petition were not waived because:

6. The issues raised in this petition have not been waived or finally adjudicated because—

(a) Previous proceedings under the Post–Conviction Hearing Act were uncounseled. As a member of the Public Defender's Office Sale was acting under a conflict of interest when representing petitioner where petitioner sought relief in a P.C.H.A. petition partially on the grounds that trial counsel Amelio, also from the Public Defender's Office, was constitutionally ineffective. Where appointed counsel operates under such a conflict of interest petitioner is deprived of constitutionally effective counsel. *Commonwealth v. Crowther*, 241 Pa.Super. 446, 361 A.2d 861 (1976). Additionally, Sale was constitutionally ineffective as evidenced by his failure to raise on behalf of the petitioner issues arising from the failure of the on–the–record colloquy

to demonstrate that petitioner understood the elements of the crimes to which he was pleading guilty. (See ¶ 7 of this petition for cases).

(b) The issues raised in this petition have not heretofore been raised in any other proceeding.

(c) This petition is timely filed. The test of timeliness is "due diligence." See *Commonwealth v. Bunch*, 466 Pa. 22, 351 A.2d 284 (1976); A.B.A. Standards, Pleas of Guilty, Section 2.1. Petitioner has sought to bring the issue of the voluntariness of his guilty plea before the Court since February of 1976. Any delay has been due to petitioner's lack of effective counsel to formulate and pursue effective petitions for relief.

On April 23, 1979, the lower court denied appellant's second petition, without appointing counsel to assist appellant, and without a hearing.[5] It is from this order that appellant now appeals.

Appellant argues that the lower court erred in denying his petition to withdraw his guilty plea because the judge who accepted the plea failed to advise him of the elements of the crimes to which he pleaded guilty. Before we may address the merit of appellant's argument, we must consider whether he has waived it by failing to file a timely petition to withdraw his plea.

■ The timeliness of a petition to withdraw a guilty plea is now governed by Pa.R.Crim.P. 321, which provides in part:

(a) A motion challenging the validity of a guilty plea or the denial of a motion to withdraw a guilty plea shall be in writing and shall be filed with the trial court within ten (10) days after imposition of sentence.

However, this rule does not govern the present case, for the Rule did not become effective until September 1, 1977, almost two years after appellant's sentencing. Prior to this

5. Appellant was assisted in preparing his second petition and his brief on appeal by law students in the Legal Assistance Program at the University of Pittsburgh Law School.

rule, a "due diligence" standard was applied to determine whether a petition to withdraw was timely filed:

Petitions to withdraw guilty pleas should be timely filed, but are not necessarily untimely because made after judgment or sentence. The test of timeliness is "due diligence, considering the nature of the allegations therein." See ABA Standards, Pleas of Guilty § 2.1 (1968). *Commonwealth v. Bunch,* 466 Pa. 22, 28, 351 A.2d 284, 286–87 n. 6 (1976).

*See also Commonwealth v. Rosmon,* 477 Pa. 540, 384 A.2d 1221 (1978); *Commonwealth v. Mitchell,* 262 Pa.Super. 268, 396 A.2d 748 (1978).

In *Commonwealth v. Baylor, Jr.,* 279 Pa.Super. 304, 420 A.2d 1346, (1980), a panel of this court addressed the difference between the standard for waiver applied when a defendant collaterally attacks his guilty plea by PCHA proceedings and the standard applied when a defendant petitions to withdraw his guilty plea. In PCHA proceedings, waiver is defined as:

For the purposes of this act, an issue is waived if:

(1) The petitioner knowingly and understandingly failed to raise it and it could have been raised before the trial, at the trial, on appeal, in a habeas corpus proceeding or any other proceeding actually conducted, or in a prior proceeding actually initiated under this act; and

(2) the petitioner is unable to prove the existence of extraordinary circumstances to justify his failure to raise the issue.

19 P.S. § 1180–4(b).

This standard, plainly, is not the same as "due diligence." Thus whether waiver is found may differ according to which standard is applied. Finding it "unwise to allow such differing results to occur merely because of a choice of procedure," the panel in *Baylor* held that "when Pa.R.Crim.P. 321 does not govern, if a defendant files a petition to withdraw a guilty plea within the time for a direct appeal (thirty days after sentencing), the timeliness of the petition is deter-

▮▮▮▮▮▮▮▮▮▮▮

mined by due diligence. *Rosmon, supra.* If, however, Pa.R. Crim.P. 321 does not govern and a defendant fails to attack his guilty plea within the time for a direct appeal and later files either a petition to withdraw a guilty plea or a PCHA petition, PCHA waiver analysis should be employed . . . ." (p. 1348)

▮▮▮▮ Following *Baylor,* we must apply the PCHA standard of waiver to appellant's petition. However, the lower court made no finding on whether appellant "knowingly and understandingly failed to raise" the issue of the defective colloquy. Furthermore, our own review of the record discloses insufficient evidence for us to determine whether appellant knowingly and understandingly failed to raise the issue, or whether extraordinary circumstances justified his failure to do so.[6] We must therefore reverse the order of the lower court with instructions to the lower court to appoint counsel (not from the defender's office) to represent appellant, and to conduct an evidentiary hearing to determine whether appellant has waived the issue of the defective colloquy. After the hearing, the court should enter an appropriate order, from which a new appeal may be taken, as provided by law.

So ordered.

WICKERSHAM, J., files a dissenting opinion.

WICKERSHAM, Judge, dissenting:

"On September 25, 1975, the appellant, David Allen, appeared with court appointed counsel, Robert J. Amelio, and pursuant to a plea agreement pled guilty to a nine count indictment which included three (3) counts of Possession with Intent to Deliver a Controlled Substance (35 P.S.

---

**6.** It is settled that ineffectiveness of counsel constitutes "extraordinary circumstances" and thus precludes a finding of waiver under PCHA. *Commonwealth v. Holmes,* 468 Pa. 409, 364 A.2d 259 (1976); *Commonwealth v. Ramos,* 468 Pa. 404, 364 A.2d 257 (1976); *Commonwealth v. Musser,* 463 Pa. 85, 343 A.2d 354 (1975). *See also* 19 P.S. § 1180-4(b)(2). Here, as noted above, appellant has alleged in his petition "lack of effective counsel to formulate and pursue effective petitions for relief."

§ 780–113(a)(30), three (3) counts of Delivery of a Controlled Substance (35 P.S. § 780–113(a)(30)), and three (3) counts of Possession of a Controlled Substance (35 P.S. § 780–113(a)(16)). The plea was entered following an extensive colloquy between defense counsel and the appellant. Satisfied that the appellant was entering the plea voluntarily, understandingly, and knowingly, the Honorable James R. McGregor accepted appellant's plea and imposed the agreed sentence of three to ten years imprisonment (GPT p. 28).[1]

"Immediately following sentencing, appellant was advised of his rights to appeal and the necessity to perfect that appeal within thirty days (GPT p. 29). No post–verdict motions were filed nor any appeal entered by appellant within the required thirty days.

"On February 9, 1976, over four and one half months following the sentencing of appellant, appellant filed a petition under the Post Conviction Hearing Act[2] claiming that trial counsel was ineffective, that the guilty plea was unlawfully induced, and that the state used perjured testimony.

"On August 9, 1976, immediately preceding the hearing on this petition, appellant presented to the court a Petition to Amend the PCHA Petition and to Withdraw Guilty Plea. The court granted appellant's motion and conducted a hearing to determine the merits of appellant's petition. Subsequent to the hearing, the court denied appellant's petition. No appeal was ever perfected from these proceedings.

"More than two years later, on November 17, 1978, the appellant filed a Petition to Withdraw Plea of Guilty. The Honorable James R. McGregor denied this petition and filed an opinion in support of this denial on September 9, 1979.

"The guilty plea arose from facts which were disclosed by the controverted testimony of Detective Frank Haynes during the plea colloquy. On November 7, 1974, the appellant

---

1. GPT is used throughout this brief to designate the transcript of the guilty plea colloquy conducted on September 25, 1975.

2. Act of January 25, 1966, P.L. (1965) 1580, § 1 et seq., 19 P.S. § 1180–1 et seq. (Supp.1975–1976).

sold to Detective Haynes for the price of two hundred dollars, eight aluminum foil packets which, after laboratory analysis, were found to contain 2.3 grams of heroin. Again on November 12, 1974, the appellant, sold Detective Haynes 2.35 grams of heroin for one hundred and fifty dollars. And on a third occasion on January 22, 1975, appellant again sold to Detective Haynes approximately 1.26 grams of heroin for one hundred dollars (GPT pp. 16–21).

"The appellant was later indicted by a grand jury on June 10, 1975, which indictment presented that David Allen did commit the aforementioned crimes to which, on September 25, 1975, he ultimately pled guilty.

\* \* \* \* \* \*

"Appellant has committed numerous procedural errors which proscribe any judicial review of the issues presented in this appeal. Not only did appellant fail to file any post–verdict motions or enter an appeal within thirty days following the imposition of sentence, but also he failed to perfect any appeal following the determination by the lower court of the issues raised by his petition under the Post Conviction Hearing Act. Now, appellant seeks to raise the identical issue concerning the validity of his guilty plea, in a petition to withdraw his guilty plea. Either this issue should be ruled finally litigated, or alternatively, that the issue has been waived since it has not been timely preserved.

Ignoring these procedural infirmities, appellant's argument concerning the sufficiency of the guilty plea colloquy is entirely frivolous. Appellant states that the elements of the crime must be defined to the defendant to the same extent that a jury would have to be instructed following trial. The law in Pennsylvania is contrary to such a claim, and directs its focus not upon the technical accuracy of the definition of the terms of the charge but rather whether the terms of the charge are conveyed to the defendant in an understandable manner. Here, the elements of the crime, possession and delivery, were easily understandable to the defendant.

\* \* \* \* \* \*

"Similar circumstances were present in *Commonwealth v. Hayes*, 245 Pa.Super. 521, 369 A.2d 750 (1976). There the defendant was charged with forgery, theft by deception, and conspiracy to commit forgery. The colloquy consisted in pertinent part, only of those statements by the Court which informed the defendant that he was charged with 'altering or uttering a check in the amount of $350, a withdrawal slip of William Jordan', *Hayes, supra,* 245 Pa.Super. at 524, 369 A.2d at 751. Again, the record is void of any specific legal definitions of the elements that constitute the crimes charged. The concluding words of the Court's opinion, in holding the colloquy constitutionally valid, warrant exact reproduction here.

'If the crimes for which he was charged were of a complex or highly technical nature one could be more sympathetic to his position. But when appellant is accused of "altering" a check made out to someone else, "taking" $350 from someone else, and "conspiring" with another to do these acts, we cannot follow how he can now claim that he did not understand the nature of the charges against him. We should not get to the point that the colloquy requirements place a burden on the trial court to give the appellant a lecture on criminal law before such Court may accept a guilty plea.' *Hayes, supra,* 245 Pa.Super. at 525, 369 A.2d at 751, 752.

"It is clear that the elements of this crime were not of such a highly technical nature as to compel the trial court to further define its terms. The law of Pennsylvania requires only that the elements of the crime be explained to the appellant in understandable terms. Certainly, this standard was adhered to. 'To require the trial court to explain in greater detail the legal definition of crimes would only serve to promote confusion and decreased understanding by defendants.' *Commonwealth v. Johnson*, 236 Pa.Super. 334, 336, 344 A.2d 507, 509 (1975). Such a policy would circumvent, rather than encourage, the constitutional protections that the standards concerning plea colloquies are intended to preserve." [3]

3. District attorney's brief, pages 2, 3, 4, 5, 14, and 15.

I would affirm the Order denying appellant's petition to withdraw his 1975 plea of guilty, not only on the above quoted sections of appellee's brief but further upon the September 5, 1979 Opinion of the learned and experienced trial judge, the Honorable James R. McGregor.