438 A.2d 596

**COMMONWEALTH of Pennsylvania**

v.

**Sandy MITCHELL, Appellant.**

Supreme Court of Pennsylvania.

Argued Oct. 20, 1981.

Decided Dec. 23, 1981.

Joseph A. Ciccitto, Asst. Public Defender, Francis M. Walsh, Norristown, for appellant.

Ronald T. Williamson, Chief, Appeals Div., Joseph Hylan, Norristown, for appellee.

Before O'BRIEN, C.J., and ROBERTS, NIX, LARSEN, FLAHERTY, KAUFFMAN and WILKINSON, JJ.

## OPINION OF THE COURT

ROBERTS, Justice.

This is an appeal, by allowance, from an order of the Superior Court, 262 Pa.Super. 268, 396 A.2d 748, affirming an order of the Court of Common Pleas of Montgomery County which denied the petition of appellant Sandy Mitchell to withdraw his guilty plea. We conclude that the plea was entered to charges on which the defendant had already been adjudged not guilty, in violation of the constitutional prohibition against double jeopardy embodied in both the federal and Pennsylvania Constitutions. The order of the Superior Court, therefore, is reversed.

On March 20, 1976, Norristown police filed a written complaint charging appellant with simple assault, aggravated assault, terroristic threats, and recklessly endangering another person for the alleged beating of an acquaintance, Helen Gilbert. That day appellant was arrested. While in police custody, appellant allegedly threatened Gilbert in a telephone call made to Gilbert the following day. This alleged call formed the basis of a second complaint, filed on March 21, charging appellant with an additional count of terroristic threats.

At a consolidated preliminary hearing, the Commonwealth presented testimony of Gilbert and the police officer who had heard appellant make the allegedly threatening telephone call. Appellant was held for trial on all five charges. Informations on the charges followed.

16

The case was scheduled for trial on August 11, 1976, approximately five months after the filing of the complaints. Appellant did not appear, a bench warrant was issued, and appellant was apprehended.

Two months later, on October 14, 1976, the case was called for trial. Acting upon the representation of appellant, counsel for appellant advised the court and the prosecuting attorney that alleged victim Gilbert had decided not to testify. After calls for the Commonwealth's witnesses went unanswered, the court proceeded to find appellant not guilty.

Thereafter, the Commonwealth advised the court that Gilbert did wish to testify, and that she had not been present because the Commonwealth had assumed that the proceedings on October 14 would lead to a guilty plea. Three weeks after finding appellant not guilty, the court entered the following order:

ORDER

AND NOW, this 4th day of November, 1976, the finding of not guilty on October 14, 1976, is hereby revoked.* Defendant is ordered to be relisted for trial.

The Court Administrator is ordered to relist these cases forthwith.

BY THE COURT,

/s/ Vincent A. Cirillo J.

* The decision of October 14, 1976, was based upon a representation to the Court that the prosecutor did not intend to testify.

On November 2, 1976, eight months after the filing of the complaints, appellant pleaded guilty to all of the charges on which he had been found not guilty. The court placed appellant on probation for one year.

Shortly after the entry of the guilty plea, appellant was adjudged to be in violation of probation. The court then sentenced appellant to a term of imprisonment of eighteen months to five years.

In April of 1977, appellant commenced the present effort to obtain relief. After an evidentiary hearing, the court of common pleas denied relief on the ground that appellant had not been placed in jeopardy at the proceeding which led to the court's finding of not guilty. The Superior Court's affirmance was based upon similar reasoning.

The court's finding of not guilty constitutes a determination that, having no evidence to present when the matter was ready for disposition, the Commonwealth was unable to prove the charges against appellant. Because "[t]he Double Jeopardy Clause forbids a second trial for the purpose of affording the prosecution another opportunity to supply evidence which it failed to muster in the first proceeding," *Burks v. United States*, 437 U.S. 1, 11, 98 S.Ct. 2141, 2147, 57 L.Ed.2d 1 (1978), the court's finding of not guilty bars reprosecution.

That the court was misinformed regarding the victim's willingness to testify does not affect the finality of the court's finding of not guilty. " '[W]e necessarily accord absolute finality to a jury's *verdict* of acquittal—no matter how erroneous its decision . . . .' " *Bullington v. Missouri*, 451 U.S. 430, 442, 101 S.Ct. 1852, 1860, 68 L.Ed.2d 270 (1981), quoting *Burks v. United States*, supra, 437 U.S. at 16, 98 S.Ct. at 2150. "The factfinder in a criminal case has traditionally been permitted to enter an unassailable but unreasonable verdict of 'not guilty.' " *Jackson v. Virginia*, 443 U.S. 307, 317 n.10, 99 S.Ct. 2781, 2788 n.10, 61 L.Ed.2d 560 (1979). "[W]hen a defendant has been acquitted at trial he may not be retried on the same offense, even if the legal rulings underlying the acquittal were erroneous." *Sanabria v. United States*, 437 U.S. 54, 64, 98 S.Ct. 2170, 2179, 57 L.Ed.2d 43 (1978). As Justice Rehnquist, speaking on behalf of the Supreme Court of the United States, has stated,

"the law attaches particular significance to an acquittal. To permit a second trial after an acquittal, however mistaken the acquittal may have been, would present an unacceptably high risk that the Government, with its vastly superior resources, might wear down the defendant so that 'even though innocent, he may be found guilty.' "

*United States v. Scott,* 437 U.S. 82, 91, 98 S.Ct. 2187, 2194, 57 L.Ed.2d 65 (1978), quoting *Green v. United States,* 355 U.S. 184, 188, 78 S.Ct. 221, 223, 2 L.Ed.2d 199 (1957). See, e.g., *Borough of West Chester v. Lal,* 493 Pa. 387, 391, 426 A.2d 603, 605 (1981) (corollary prohibition against Commonwealth appeals applicable even where acquittal based on " 'egregiously erroneous foundation' "). See generally J. Strazzella, Commonwealth Appeals and Double Jeopardy, 4 Pa.L.J. Nos. 39 & 40 (10/19/81 & 10/26/81).

The Commonwealth alleges that, at the time the court found appellant not guilty, appellant had not waived his right to a jury trial. Thus, the Commonwealth argues, the court was conducting a pre-trial hearing at which jeopardy had not attached.

Contrary to the Commonwealth's factual allegation, all that can be said on this record is that appellant did not execute the written waiver of his right to a jury trial contemplated by Pa.R.Crim.Proc. 1101. There is nothing in our Rules or our case law even to suggest that the absence of a written waiver of the right to a jury trial works to divest a court of jurisdiction to adjudge the merits.

Indeed, the Commonwealth's effort to ignore the significance of the finding of not guilty on the basis of the absence of a written waiver is utterly unpersuasive. Under Pa.R. Crim.Proc. 1100(a)(2), the Commonwealth was obliged to have commenced trial within 180 days of the filing of the complaints " 'by a substantive, rather than a pro forma, event.' " *Commonwealth v. Kluska,* 484 Pa. 508, 510, 399 A.2d 681, 682 (1979), quoting *Commonwealth v. Lamonna,* 473 Pa. 248, 260, 373 A.2d 1355, 1361 (1977) (Eagen, C.J., joined by Roberts, J., concurring). A mere preliminary calendar call would not have been sufficient to mark the commencement of trial. *Commonwealth v. Lamonna,* supra.

As of the date of the entry of a finding of not guilty, a "substantive event" was essential. As of that date, 208 days had already elapsed since the filing of the first complaint against appellant, and 207 days had elapsed since the filing of the second. Although the periods of delay arguably were

excludable because of appellant's previous failure to appear when the matter was first scheduled for trial, see Pa.R.Crim. Proc. 1100(d)(1); *Commonwealth v. Cohen*, 481 Pa. 349, 392 A.2d 1327 (1978), surely when the matter was called for trial a second time the court would not have permitted further delay. Thus, the absence of a written waiver demonstrates only that the court chose to dispense with the formality of a written waiver in reaching the merits and finding appellant not guilty. Whatever the propriety of the court's finding of not guilty, reprosecution is barred by "the most fundamental rule in the history of double jeopardy jurisprudence." *United States v. Martin Linen Supply Co.*, 430 U.S. 564, 571, 97 S.Ct. 1349, 1354, 51 L.Ed.2d 642 (1977).

Order of the Superior Court reversed, order of October 14, 1976, adjudging appellant not guilty reinstated, and appellant discharged.

NIX, J., files a dissenting opinion.

NIX, Justice, dissenting.

I dissent.

As stated by the majority, appellant was acquitted of the instant charges on October 14, 1976. On November 4, 1976 the court entered an order revoking the October 14th finding of "not guilty" and directing that the cause be listed again for trial. No double jeopardy claim was asserted in response to the November 4th order. On November 22nd appellant entered a plea of guilt to all of these charges. No double jeopardy objection was asserted. After the acceptance of the plea and an extensive hearing, a sentence of one year probation was imposed. Again, a double jeopardy complaint was not claimed. It was not until after the probation sentence had been violated and appellant resentenced to a term of imprisonment of 18 months to 5 years did appellant first contend the protections of double jeopardy had been ignored.

The majority fails to recognize the procedural posture in which appellant asserted his petition to withdraw the guilty

plea. Pursuant to Pa.R.Crim.P. 321, a petition to withdraw a guilty plea following imposition of sentence must be filed within 10 days of sentencing. In the instant case, however, appellant's sentencing occurred prior to the September 21, 1977 effective date of that rule.

Under our case law in such circumstances, the timeliness of a petition to withdraw a guilty plea is determined by a "due diligence" standard. *Commonwealth v. Rosmon*, 477 Pa. 540, 543 n.1, 384 A.2d 1221, 1223 n. 1 (1978); *Commonwealth v. Bunch*, 466 Pa. 22, 28 n. 6, 351 A.2d 284, 286 n. 6 (1976). As the Superior Court correctly noted in the instant case, the Commonwealth did not assert appellant failed to exercise due diligence.

The second procedural requirement imposed upon appellant in his quest for relief is that when a petition to withdraw a guilty plea is filed subsequent to imposition of sentence, relief will be granted only where "necessary to correct a manifest injustice." *Commonwealth v. Rosmon, supra*, 477 Pa. at 543 n. 1, 384 A.2d at 1223 n. 1; *Commonwealth v. Starr*, 450 Pa. 485, 301 A.2d 592 (1973). Involuntariness of a guilty plea would clearly qualify as a situation in which the granting of relief would be necessary to correct a "manifest injustice." *Commonwealth v. Rosmon, supra.*

Appellant asserts that his guilty plea was involuntary because he was not appraised of his potential double jeopardy defense by either the judge at the guilty plea colloquy or his attorney prior to pleading guilty and thus any waiver of this defense was not "knowingly, voluntarily or intelligently made." *Commonwealth v. Sutton*, 474 Pa. 582, 379 A.2d 107 (1977); *Commonwealth v. Roundtree*, 440 Pa. 199, 269 A.2d 709 (1970).

However, there are two fatal flaws in appellant's contention that his plea was involuntary. First, this Court has never required a judge to specifically include in a guilty plea colloquy the statement that by pleading guilty a defendant waives his right to the constitutional prohibition against double jeopardy or that a defendant has a right not to be placed twice in jeopardy. *See generally Commonwealth v. Ingram*, 455 Pa. 198, 316 A.2d 77 (1974).

Secondly, it is well established that a plea of guilty constitutes a waiver of *all* nonjurisdictional defects and defenses, *Commonwealth v. Montgomery*, 485 Pa. 110, 401 A.2d 318 (1979); *Commonwealth v. Rice*, 456 Pa. 90, 318 A.2d 705 (1974); *Commonwealth v. Allen*, 443 Pa. 447, 277 A.2d 818 (1971) and thus, by pleading guilty, appellant necessarily waived any objections based on double jeopardy. Our cases also require that the court, before accepting the plea must inform the defendant of the extent of this waiver in an on-the-record colloquy. There is no complaint that the instant colloquy was deficient in this respect. Thus, having been advised that the entry of the plea was a waiver of *all* defects, appellant cannot be heard to complain that his attention was not directed to a specific possible objection.

Appellant, however, in addition to filing a petition to withdraw his guilty plea, filed a PCHA petition alleging ineffective assistance of counsel. Appellant asserts that counsel was ineffective for failing to inform him of a potential double jeopardy defense. Once again, both the facts and law belie this argument.

This Court has consistently applied a two-step analysis in determining claims of ineffective assistance of counsel. First, we must determine whether the issue underlying the charge of ineffectiveness is of arguable merit. If the underlying issue is found to be of arguable merit, the inquiry shifts to a determination of whether the course chosen by counsel has some reasonable basis designed to effectuate his client's interest. *Commonwealth v. Burton*, 491 Pa. 13, 417 A.2d 611 (1980); *Commonwealth v. Sherard*, 483 Pa. 183, 394 A.2d 971 (1978); *Commonwealth v. Hubbard*, 472 Pa. 259, 372 A.2d 687 (1977); *see also, Commonwealth ex rel. Washington v. Maroney*, 427 Pa. 599, 235 A.2d 349 (1967).

Appellant contends that counsel was ineffective for not raising the issue of double jeopardy prior to the guilty plea proceeding. In order for this issue to be of arguable merit, appellant must have, in fact, been placed in jeopardy at the time the court entered its first order of "not guilty." In a case tried before a jury, jeopardy does not attach until the jury has been impanelled and sworn; and in a non-jury case,

jeopardy does not attach until the accused has been subjected to a charge and the court has begun to hear evidence. *United States v. Pecora,* 484 F.2d 1289 (3d Cir. 1973); *Commonwealth v. Smith,* 232 Pa.Super.Ct. 546, 334 A.2d 741 (1975); *Commonwealth v. Culpepper,* 221 Pa.Super.Ct. 472, 293 A.2d 122 (1972). When the instant case was called for trial on October 14, 1976, Judge Cirillo asked the Commonwealth to call its witnesses. When no witnesses were present and thus *no evidence presented or testimony heard,* Judge Cirillo found appellant "not guilty." Clearly jeopardy had not attached, the issue of double jeopardy was not of arguable merit and, therefore, counsel was not ineffective.

Moreover, assuming arguendo that the double jeopardy claim was of arguable merit, it. is clear that counsel for appellant had a reasonable basis for not raising this issue and this decision was designed to effectuate his client's interests. Appellant's counsel testified at the PCHA hearing concerning the basis upon which he decided not to raise the double jeopardy issue.

One of the things we did discuss was whether or not the finding of Judge Cirillo was in fact, a not guilty finding so as to bring up the question of double jeopardy. I indicated to him that my research of the law led me to the conclusion that since there was never actually a trial, there was never a jury impaneled, we never signed a waiver of a jury trial, and there was not in fact a trial, and although the words spoken might have been 'not guilty' in my opinion this did not constitute a finding of not guilty. And I felt that if we brought this defense up at the time of the trial, there would be no possibility of a plea bargain, and that the case would then go on to trial, and I felt that he would then have to face the consequences. Mr. Mitchell felt, since he had no record and didn't want to take any chances of going to jail, that he would just plead guilty.

N.T./PCHA, July 20, 1977, pp. 26–27.

As this Court has repeatedly stated:

Our inquiry ceases and counsel's assistance is deemed constitutionally effective once we are able to conclude

that the particular course chosen by counsel had some *reasonable basis* designed to effectuate his client's interest. The test is *not* whether other alternatives were more reasonable, employing a hindsight evaluation of the record. Although weigh the alternatives we must, the balance tips in favor of a finding of effective assistance as soon as it is determined that trial counsel's decisions had any reasonable basis. [Emphasis in original.]

*Commonwealth v. Sherard, supra,* 483 Pa. at 190–191, 394 A.2d 975; *Commonwealth ex rel. Washington v. Maroney,* 427 Pa. 599, 604, 235 A.2d 349, 352 (1967); *Commonwealth v. Burton,* 491 Pa. 13, 19 n. 7, 417 A.2d 611, 614 n. 7 (1980).

Appellant's claim must therefore fail because counsel was not ineffective in not raising the double jeopardy issue and, contrary to appellant's assertion, counsel did discuss the merits of this potential defense. In my judgment, the order of the Superior Court should be affirmed.