558

Commonwealth ex rel. Scoleri, Appellant, *v.* Myers.

Argued November 28, 1966. Before BELL, C. J., MUSMANNO, JONES, COHEN, EAGEN, O'BRIEN and ROBERTS, JJ.

*Edward J. Morris,* for appellant.

*Richard A. Sprague,* First Assistant District Attorney, with him *Benjamin H. Levintow* and *Joseph M. Smith,* Assistant District Attorneys, and *Arlen Specter,* District Attorney, for appellee.

OPINION BY MR. JUSTICE EAGEN, January 4, 1967:

On September 30, 1964, the appellant, Anthony Scoleri, was convicted by a jury of murder in the first degree and punishment was fixed at death. A motion for a new trial was argued before the court en banc on May 24, 1965. It was dismissed July 26, 1965, and on the same day sentence was imposed as the jury directed. No appeal was entered from the judgment.[1]

On October 15, 1965 (81 days after judgment of sentence), Scoleri instituted this action in habeas corpus contending that he was denied due process of law in connection with his right to appeal, particularly that he had been denied his constitutional right to the assistance of counsel for "the purpose of taking an appeal". After hearing, the trial court dismissed the proceedings. An appeal from that order is now before us.

Throughout the trial, during argument of the post trial motion and also the sentence proceeding, Scoleri was represented by one John Rogers Carroll, Esq., of the Philadelphia bar, who is recognized as an experi-

---

[1] Under the provisions of the Act of May 19, 1897, P. L. 67, §4, as amended, 12 P.S. §1136, an appeal from such a sentence must be filed within forty-five days. See also, *Commonwealth v. Le Grand,* 336 Pa. 511, 9 A. 2d 896 (1939), and *Commonwealth v. Mackley,* 380 Pa. 70, 110 A. 2d 172 (1955).

enced and competent advocate. Carroll was retained by Scoleri's sister, Margaret Sbraccia, who promised to pay a fee of $5000 which was to cover only his services at trial. Two thousand dollars of the agreed amount was paid; the balance was not. At the time of argument for a new trial below, Carroll said to Mrs. Sbraccia, "Look, you haven't done what you promised to do, I am not going on with this thing." After the imposition of sentence, because he had not received the balance of his fee, Carroll did nothing further on behalf of his client.

Carroll did not inform the court of his intentions or request permission thereof to withdraw from the case.[2] Neither did he ever inform Scoleri personally of his "withdrawal" or intention not to file an appeal. It further appears that he did not at any time discuss with Scoleri the prescribed time limit for filing an appeal, or in fact communicate with him or any member of his family in any manner following the day sentence was imposed.

Scoleri, having been convicted of murder, had an absolute right to appellate review by this Court, Act of February 15, 1870, P. L. 15, §1, 19 P.S. §1186. See also, *Commonwealth ex rel. Newsome v. Myers,* 422 Pa. 240, 220 A. 2d 886 (1966). He also had the constitutional right to the assistance of counsel in perfecting and prosecuting such an appeal: *Commonwealth ex rel. Newsome v. Myers,* supra, and *Commonwealth ex rel. Cunningham v. Maroney,* 421 Pa. 157, 218 A. 2d 811 (1966). However, whether or not an appeal was to be filed and prosecuted was solely for Scoleri's decision. It could be intentionally and knowingly abandoned. Further, his right to the assistance of counsel in the

---

[2] This specific conduct is emphatically condemned. The present problem would never have arisen if the withdrawal had been made a matter of record.

filing and prosecuting of an appeal could be waived, if done so intelligently and understandingly: *Commonwealth ex rel. Robinson v. Myers,* 420 Pa. 72, 215 A. 2d 637 (1966). But if he did not intentionally abandon his right to appeal, or if an intelligent and understanding waiver of his right to the assistance of counsel for this purpose were not effected, he cannot now be precluded from asserting these rights, even though the statutorily prescribed period for filing an appeal has run. See, *Commonwealth ex rel. Cunningham v. Maroney,* supra.

An examination of the record leaves no doubt but that Scoleri knew of his right to appellate review, and also was aware that the court would appoint counsel to file and prosecute an appeal on his behalf if he were without the means and funds to personally retain counsel to do so. Scoleri was not without experience in this regard. He had twice previously been convicted of first degree murder for the same killing, and in each instance prosecuted appeals to this Court. See, 399 Pa. 110, 160 A. 2d 215 (1960), and 415 Pa. 218, 202 A. 2d 521 (1964). Proceedings challenging the validity of the first conviction and sentence were also prosecuted in the federal courts. See, 364 U.S. 849 (1960), and 310 F. 2d 720 (1962). During the first trial he was represented by counsel appointed by the court. During the post first trial proceedings, the second trial and subsequent appeal, he was represented by self-retained eminent counsel.

Despite Scoleri's knowledge of his right to appellate review and to have court-appointed counsel file and prosecute the appeal if he were indigent, he cannot now be deemed to have abandoned and waived his rights in this respect if he honestly and in good faith believed that his trial counsel, Carroll, would file such an appeal on his behalf; and, acting on this reliance he failed to take further steps to safeguard his interests.

Of course, under the circumstances, the burden of establishing these facts was upon him.

In this connection Scoleri testified, that he did not attempt to procure other counsel for appeal purposes because he thought Carroll "was taking an appeal"; that Carroll had told him "he was making the appeal"; and, that he did not become aware of Carroll's "withdrawal" until after the forty-five day appeal period had expired. He also said he attached no significance to the fact that Carroll had not communicated with him after the imposition of sentence, because Carroll had also not contacted him between the trial and the argument for a new trial, a period of seven months. The trial court found this testimony incredible, and many facts in the record justify this conclusion. However, since this is a death case and there is a possibility that Scoleri did act in good faith and rely on Carroll to perfect an appeal on his behalf, we have concluded to permit an appeal to be now filed without prejudice as if it had been timely filed. This will preclude any possible denial of the right to appeal.

Therefore, the order of the court below is vacated and the record is remanded with directions to transfer the record to the Court of Oyer and Terminer of Philadelphia County. Upon such transfer, an appeal may be filed in this Court within 30 days, the same as if it had been timely filed.

———

Concurring Opinion by Mr. Justice Roberts:

The majority opinion vacates the order of the court below because it finds that Scoleri did not effectively waive his right to appeal. With this holding I am fully in accord. The Court's opinion, however, also contains dicta which suggest that a defendant under sentence of death may, under certain circumstances, waive his right to appellate review. At oral argument

it was suggested that a defendant sentenced to die should in no event be allowed to waive his right to appellate review, and the considerations attending this argument are of sufficient weight and difficulty to make me believe that this Court should express no view on the matter until an opportunity for a complete and careful consideration is presented.