365 A.2d 1287
COMMONWEALTH of Pennsylvania
v.
Jack Lee TRESIZE, Appellant.

Superior Court of Pennsylvania.

Submitted Feb. 17, 1976.

Decided Nov. 22, 1976.

James D. Murphy, Public Defender, John A. Stets, Waynesburg, for appellant.

W. Bertram Waychoff, Dist. Atty., Waynesburg, for appellee.

Before WATKINS, President Judge, and JACOBS, HOFFMAN, CERCONE, PRICE, VAN der VOORT and SPAETH, JJ.

PRICE, Judge.

On November 27, 1972, appellant pleaded guilty to charges of burglary, larceny, arson, and receiving stolen goods. No appeals were taken from those pleas. Subsequently, appellant filed a pro se petition for post conviction relief under the Post Conviction Hearing Act,[1] in which he alleged, *inter alia*, that he was denied the right to effective assistance of counsel and that his guilty pleas were unlawfully induced. Attached to the petition was a typewritten document in which appellant alleged (1) that the attorney who represented him at the plea hearing had misinformed him at the time of the plea that appellant's son was going to testify against him on all of the charges; (2) that the attorney told appellant that if he refused to plead guilty, the court would sentence him to the maximum term of imprisonment on all counts; and (3) that the attorney had refused to file an appeal from the plea in spite of appellant's requests that he do so.

The petition also averred that appellant was without financial resources and requested the court to appoint counsel for him. The court responded by appointing the same attorney to represent appellant that had represented him at the plea hearing. On June 25, 1975, a hearing was held on the petition. At that hearing, appellant was examined by his attorney and cross-examined by the district attorney. However, the three above-mentioned issues were unexplored. The court denied appellant's request for relief and dismissed the petition. From that order appellant has appealed.[2]

■■ Initially, we note that the first two of appellant's three claims are aimed at the validity of his guilty

1. Act of Jan. 25, 1966, P.L. (1965) 1580, § 1 (19 P.S. § 1180–1 (Supp.1976–77)) *et seq.*
2. Subsequent to the order of June 25, 1975, new counsel was appointed to represent appellant on this appeal.

plea. These claims would have been cognizable on appeal, and, unless appellant has shown extraordinary circumstances justifying his failure to raise those claims on appeal, he cannot raise them now. Act of Jan. 25, 1966, P.L. (1965) 1580, § 4 (19 P.S. § 1180–4 (Supp.1976–77)); *Commonwealth v. Tunnell,* 463 Pa. 462, 345 A.2d 611 (1975). In this case, appellant has alleged that his attorney failed to file an appeal from the judgment of sentence in spite of requests by appellant that he do so. If proved, such facts would preclude a finding of waiver. *Commonwealth v. Fiero,* 462 Pa. 409, 341 A.2d 448 (1975).

■ The proper time for appellant to have established the denial of his appellate rights would have been at the post conviction hearing. However, appellant's failure to do so cannot be construed against him because at that hearing he was represented by the same attorney whose alleged ineffectiveness precluded his appeal. It is well established that counsel cannot be expected to argue his own ineffectiveness. *Commonwealth v. Dancer,* 460 Pa. 95, 331 A.2d 435 (1975).

■ Therefore, the order of the lower court must be reversed and the case must be remanded for a hearing to determine whether appellant knowingly and intelligently waived his right to appeal. At that hearing, appellant may not be represented by the attorney who represented him at the plea hearing.

It is so ordered.[3]

VAN der VOORT, J., concurs in the result.

---

3. Upon remand, if the lower court determines that appellant knowingly and intelligently waived his right to appeal, relief must be denied and appellant's petition dismissed. If the lower court determines that appellant was deprived of his appellate rights, the normal procedure would be to grant an appeal nunc pro tunc. However, because appellant's allegations concern solely the validity of his guilty plea, the proper procedure will be to permit him to file a motion to withdraw his guilty plea nunc pro tunc. *Commonwealth v. Roberts,* 237 Pa.Super. 336, 352 A.2d 140 (1975).