418 A.2d 685

COMMONWEALTH of Pennsylvania

v.

**Neill Kennedy OVERALL, Jr., Appellant.**

Superior Court of Pennsylvania.

Submitted April 10, 1978.

Filed Feb. 22, 1980.

---

\* President Judge G. THOMAS GATES, of the Court of Common Pleas of Lebanon County, Pennsylvania and Judge JOHN C. DOWLING of the Court of Common Pleas of Dauphin County, Pennsylvania, are sitting by designation.

John D. Petruso, Meadville, for appellant.

Robert S. Bailey, Assistant District Attorney, Meadville, will not file a brief on behalf of Commonwealth, appellee.

PRICE, Judge:

Following a jury trial commenced on November 8, 1976, appellant was convicted of eight counts of burglary.[1] No post–trial motions were filed and he was sentenced to concurrent prison terms of three to six years. Appellant failed to perfect a direct appeal from the judgment of sentence, but on May 12, 1977, he filed a petition under the Post Conviction Hearing Act (PCHA)[2] alleging ineffective assistance of trial counsel in several respects. The Crawford County Court of Common Pleas, after appointment of new counsel, heard oral argument and dismissed the petition without an evidentiary hearing on the basis that the claims were either frivolous or refuted by the record. This appeal followed, and we now vacate that order of dismissal and remand for an evidentiary hearing.

As has often been reiterated, the right to a hearing on a PCHA petition is not absolute. *Commonwealth v. Sherard*, 483 Pa. 183, 394 A.2d 971 (1978); *Commonwealth v. Cimaszewski*, 234 Pa.Super. 299, 339 A.2d 95 (1975); *Commonwealth v. Hayden*, 224 Pa.Super. 354, 307 A.2d 389 (1973). Section nine of the PCHA provides:

"If a petition alleges facts that if proven would entitle the petitioner to relief, the court shall grant a hearing which may extend only to the issues raised in the petition or answer. However, the court may deny a hearing if the petitioner's claim is patently frivolous and is without a trace of support either in the record or from other evidence submitted by the petitioner."

Presently, appellant checked ten of the thirteen reasons for relief provided on the printed PCHA form. Only three of these need give us pause, those being allegations that the conviction resulted from

1. 18 Pa.C.S. § 3502.

2. Act of January 25, 1966, P.L. (1965) 1580, § 1 *et seq., as amended* (19 P.S. 1180–1, *et seq., as amended*) (Supp. 1978–79).

"The denial of any constitutional right to representation by competent counsel.

The introduction into evidence of a statement obtained in the absence of counsel at a time when representation is constitutionally required.

The introduction of a coerced confession into evidence."

Specifically, appellant alleged that following his arrest, he requested a lawyer but was told to "shut up." He was also allegedly threatened with ten years imprisonment if he would not provide and sign a taped statement confessing the charged crimes.

Prior to examining these contentions to determine if they are truly frivolous, we must bear in mind that to be eligible for PCHA relief, a petitioner must prove, *inter alia*, that "the error resulting in his conviction and sentence has not been . . . waived." 19 P.S. § 1180–3(d). Moreover,

"For the purposes of this act, an issue is waived if:

(1) The petitioner knowingly and understandingly failed to raise it and it could have been raised before the trial, at the trial, on appeal, in a habeas corpus proceeding or any other proceeding actually conducted, or in a prior proceeding actually initiated under this act; and

(2) The petitioner is unable to prove the existence of extraordinary circumstances to justify his failure to raise the issue." 19 P.S. § 1180–4(b).

As the alleged unconstitutionality of appellant's statement was cognizable prior to trial, the issue was waived unless appellant rebutted the presumption that the failure to raise the issue prior to trial was knowing and understanding, or alleged and proved the existence of an extraordinary circumstance justifying the failure to raise the issue. *Commonwealth v. LaSane*, 479 Pa. 629, 389 A.2d 48 (1978). Appellant chooses to argue that the issue was not raised due to the ineffective assistance of trial counsel, a factor that we have held to constitute an "extraordinary circumstance"

excusing the failure to previously raise a particular issue. *Commonwealth v. Blackwell*, 258 Pa.Super. 121, 392 A.2d 714 (1978); *see also Commonwealth v. McNeil*, 479 Pa. 382, 388 A.2d 707 (1978). Consequently, we must not only determine if there existed ineffective assistance to permit us to consider the constitutionality of the statement, *Commonwealth v. Sherard, supra,* but also whether the issue of ineffective counsel constitutes a separate basis for relief. *Commonwealth v. LaSane, supra.*

As usual in cases in which we are asked to evaluate a counsel's effectiveness, we are guided by the standards of *Commonwealth ex rel. Washington v. Maroney,* 427 Pa. 599, 604–05, 235 A.2d 349, 352 (1967):

> "We cannot emphasize strongly enough, however that our inquiry ceases and counsel's assistance is deemed constitutionally effective once we are able to conclude that the particular course chosen by counsel had *some reasonable basis* designed to effectuate his client's interests. The test is *not* whether other alternatives were more reasonable, employing a hindsight evaluation of the record. Although weigh the alternatives we must, the balance tips in favor of a finding of effective assistance as soon as it is determined that trial counsel's decisions had any reasonable basis." (emphasis in original) (footnote omitted).

Prior to inquiring into the basis for trial counsel's failure to raise the admissibility of appellant's statement, we must first determine whether the issue is of arguable merit. *Commonwealth v. Gaston,* 474 Pa. 218, 378 A.2d 297 (1977).

At trial, Sergeant Charles F. Shaw of the Meadville City Police Force testified that in September of 1976, he observed appellant in a parked vehicle along Mulberry Alley. Appellant started his vehicle and proceeded down the street with his headlights off. As the police cruiser approached the rear of the vehicle, the latter increased its speed–reaching eighty miles per hour–and failed to stop for two red lights. Appellant finally halted the vehicle and it was approached by Sergeant Shaw and his partner. Peering into the vehicle, Sergeant Shaw observed a screwdriver, flashlight, and a pair

of lightweight leather gloves. Those items were confiscated, and appellant was taken to the police station where he was arrested and questioned. Sergeant Shaw testified that appellant was read his rights after which three statements were taken from him.[3]

■ Appellant alleges that these statements were made after he had requested counsel, but had been told to "shut up." If this allegation is true then the issue of the admissibility of the statement has arguable merit. *See Miranda v. Arizona*, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966); *Commonwealth v. Reiland*, 241 Pa.Super. 109, 359 A.2d 811 (1976). The PCHA court evidently believed that this contention was refuted by the record, but after examining the record, we find no support for the conclusion that appellant indicated that he did not want an attorney. Consequently, the issue which counsel failed to raise possessed arguable merit.

Of course, this is not to condemn counsel's action as per se ineffective. During a proper evidentiary hearing, it might be adduced that appellant did indeed voluntarily waive his right to counsel, or that the failure to raise the issue was a decision born of a reasonable, calculated trial strategy designed to effectuate appellant's best interests. *Commonwealth v. Hubbard*, 472 Pa. 259, 372 A.2d 687 (1977). On the current state of the record, however, such a determination is impossible.

---

**3.** Save for the specifics of the robberies, all three statements were identical to the first statement which reads as follows.

"This is a true statement taken at Police Headquarters made by Neill Kennedy Overall, Jr. Statement made without promises or threats.

"In the middle of August I went to the Calvary Baptist Church on Randolph Street and there was a meeting going on. I waited until everyone left and I checked the doors and found one open. I went in and looked for the office. I broke the office door and found the safe. I took a prybar and pried the safe open and removed the money. This is the second time I was in the church. The first time was about a week before. I was on the roof and found a window open. I didn't take anything this time. I used the money I got to buy a car I have now.

"Statement taken by Patrolman Specialist Arthur Pringle. Witnessed by myself, Sergeant Charles F. Shaw." (N.T. 45–46).

Accordingly, as appellant alleged facts which would establish that the issue counsel failed to raise was of arguable merit and would also establish that no reasonable basis existed for counsel's failure to raise the issue, his claim of ineffective counsel, as an independent basis for relief, would warrant granting relief if the allegations were proven. This circumstance, taken in conjunction with the fact that such a showing of ineffective assistance would constitute an extraordinary circumstance excusing the failure to initially raise the issue, indicates that a hearing should have been granted.

The order of the court of common pleas is therefore vacated and the record remanded for further proceedings consistent with this opinion.

JACOBS, former President Judge, did not participate in the consideration or decision of this case.