436 A.2d 1207

COMMONWEALTH of Pennsylvania,

v.

John WHITTAKER, Appellant.

Superior Court of Pennsylvania.

Submitted Dec. 5, 1980.

Filed Nov. 6, 1981.

Petition for Allowance of Appeal Denied Jan. 29, 1982.

Frank Bognet, Hazleton, for appellant.

Chester B. Muroski, District Attorney, Wilkes-Barre, for Commonwealth, appellee.

Before BROSKY, JOHNSON and POPOVICH, JJ.

POPOVICH, Judge:

The only issue appellant, John Whittaker, raises in this appeal is whether the post-conviction hearing court properly dismissed his post-conviction hearing act petition without conducting a hearing. See the Act of January 15, 1966, P.L. (1965) 1580 § 1 *et seq.*, 19 P.S.A. § 1180–1 *et seq.* (1981–2). More specifically, appellant contends that a hearing is necessary because "the record clearly demonstrates (1) that the Petitioner reluctantly entered his guilty pleas; and (2) that his (public defender) counsel was confused as to the amount of 'back-time' the defendant would be required to serve (on prior convictions) as a result of the guilty pleas." Brief for Appellant, at 6. We cannot agree.

 First of all, appellant's challenge to the voluntariness of his guilty plea is waived as that issue should have been raised previously before the trial court in a motion to withdraw the guilty plea. See *Commonwealth v. Lantzy*, 284 Pa.Super. 192, 200, 425 A.2d 768, 772 (1981); *Commonwealth v. Maute*, 263 Pa.Super. 220, 397 A.2d 826 (1979). If that was unsuccessful, appellant could have raised the issue on direct appeal.[1] *Commonwealth v. Allen*, 278 Pa.Super. 501, 507, 420 A.2d 653, 656 (1980). Since that objection was not raised, it is waived unless appellant demonstrates extraordinary circumstances precluding waiver. *Commonwealth v. Allen*, supra.[2]

 Although inartfully framed, appellant's second allegation is an attack on trial counsel's ineffectiveness for being "confused" at the sentencing proceeding. See also the Sentencing Transcript, (10/25/78), at 2–3. There being no

1. On November 29, 1978, appellant filed a direct appeal to this Court. The judgment of sentence was affirmed *Commonwealth v. Whittaker*, 275 Pa.Super. 617, 423 A.2d 1322 (1979). The only issue raised in the previous appeal concerned the legality of appellant's sentence.

2. Even assuming arguendo, that the issue of appellant's reluctance to enter a plea of guilty was not waived, a review of the court's colloquy at the guilty plea hearing indicates that the court was cautiously deliberate in conducting the colloquy, and that appellant's plea was entered without reluctance. The colloquy reveals the following:
"THE COURT: All right. As I was saying, I've taken the time to carefully ask you a series of questions concerning the matters before the Court. You have indicated to me that all of these questions have been answered knowingly, intelligently, and this has been completely voluntary on your part.
In the past, other people just like yourself have told me the same thing and then later on they come back and tell me that actually, they didn't mean what they were telling me because their lawyer or somebody else told them how to answer the questions to the Judge and to tell the Court that the answers were voluntary, knowingly and intelligently made.
Now, so there's no misunderstanding, I'm asking you now whether or not anyone prompted you or told you what to tell me and whether or not the answers you have now given me are completely voluntary and that you fully understand everything that has transpired? So there's no misunderstanding, are there any other answers you want to tell me now, or are there any other questions you want to ask me?
THE DEFENDANT: No, sir."
Guilty Plea Transcript (9/5/78), at 15–16.

waiver with respect to trial counsel's ineffectiveness, see *Commonwealth v. Maute*, supra, we must consider whether an evidentiary hearing was required to determine the validity of appellant's claim.[3] This Court has said:

"Appellant's claims of ineffectiveness must be evaluated in the context of his guilty plea. Upon entry of a plea of guilty, all grounds of appeal are waived other than challenges to the voluntariness of the plea and the jurisdiction of the sentencing court. *Commonwealth v. Greer*, 457 Pa. 646, 326 A.2d 338 (1974). Thus allegations of ineffective assistance of counsel in connection with entry of the guilty plea will serve as a basis for relief *only if the ineffectiveness caused appellant to enter an involuntary or unknowing plea.* See *Commonwealth v. Jones*, 477 Pa. 266, 383 A.2d 926 (1978); *Commonwealth v. Bunch*, 466 Pa. 22, 351 A.2d 284 (1976)." *Commonwealth v. Chumley*, 482 Pa. 626, 641–42, 394 A.2d 497, 504–5 (1978) (emphasis added).

Because appellant has failed to show in what way counsel's "confusion" at the *sentencing hearing* "caused appellant to enter an involuntary or unknowing plea," *Commonwealth v. Chumley, Id*, appellant was not entitled to an evidentiary hearing. See Section 9 of the PCHA Act ("the court may deny a hearing if the petitioner's claim is patently frivolous

3. After the filing of appellant's *pro se* PCHA petition, the court below prudently assigned a private attorney to represent appellant because up until that time, appellant had been represented by the Public Defender's Office of Luzerne County and he had raised a claim of prior counsel's ineffectiveness. See *Commonwealth v. Jennings*, 285 Pa.Super. 295, 298 ftn. 2, 427 A.2d 231, 232 ftn. 2 (1981). The issue of trial counsel's ineffectiveness, therefore, was not waived as the PCHA stage was the "earliest stage in the proceedings at which the counsel whose ineffectiveness [was] being challenged no longer represent[ed] the defendant." *Commonwealth v. Hubbard*, 472 Pa. 259, 276 n.6, 372 A.2d 687, 695 n. 6 (1977).

Our independent review of the record discloses that a document "inadvertently" was omitted from the factual accounting of the parties as set forth in the briefs. That document, a second *pro se* PCHA petition, was filed after the appeal was taken to this Court. The court below correctly noted, in an opinion also not referred to be the parties, the possibility that it lacked jurisdiction to entertain the *second pro se* petition because the matter was pending on appeal before this Court at that time. See e. g., *Commonwealth v. Leatherbury*, 269 Pa.Super. 194, 197 ftn. 4, 409 A.2d 431, 433 ftn. 4 (1979).

and is without a trace of support... in the record....). In any event, a review of the record reveals that whatever "confusion" existed at the sentencing hearing was considered by the court when the sentence was imposed. Sentencing Transcript (10/25/78) at 3. Hence, appellant's allegation is patently frivolous and without support in the record.

■ Appellant finally suggests that "judicial economy would be promoted if a *mandatory* hearing were provided in all, or nearly, all, cases where ineffective assistance of counsel or voluntariness of plea is at issue (in a first Post Conviction Hearing Act Petition)." Brief for Appellant, at 14 (emphasis in original). We must decline appellant's invitation to overrule Section 9 of the Post Conviction Hearing Act and the cases of this jurisdiction which state that:

> "the right to a hearing on a PCHA petition is not absolute. *Commonwealth v. Sherard*, 483 Pa. 183, 394 A.2d 971 (1978); *Commonwealth v. Cimaszewski*, 234 Pa.Super. 299, 339 A.2d 95 (1975); *Commonwealth v. Hayden*, 224 Pa.Super. 354, 307 A.2d 389 (1973)." *Commonwealth v. Miller*, 275 Pa.Super. 236, 238, 418 A.2d 700, 701 (1980).

Therefore, we will not disturb the order of the court below which dismissed appellant's petition without a hearing.[4]

4. In a brief, appellant also argues that the opinion of the court below "is largely self-serving. It does not address itself to the critical questions raised:
(a) Why would the Defendant want to appeal such a light sentence? Sentencing [sic] Transcript, p. 9.
(b) Why was trial counsel confused as to the 'back time' still to be served? Sentencing Transcript, p. 2, 3.
(c) Why was the Defendant continuously protesting his innocence during the guilty plea colloquy? See Guilty Plea Transcript of 9/5/78 at p. 7, 8." Brief for appellant at 13.
First of all, any claim concerning appellant's "light" sentence was cognizable on appellant's previous direct appeal to this Court. Hence, this issue is not properly preserved. The claim concerning trial counsel's confusion, as discussed supra at 1209, must have caused the entry of appellant's guilty plea in order to serve as a basis for relief. See *Commonwealth v. Chumley*, supra. Third, appellant's challenge to his plea of guilty, as discussed infra at 2, is waived because appellant should have raised the issue on a previous occasion.