364

447 A.2d 1009

## COMMONWEALTH of Pennsylvania

v.

## Donald Sylvester JONES, Appellant.

Superior Court of Pennsylvania.

Submitted March 24, 1982.

Filed July 9, 1982.

Petition for Allowance of Appeal Denied Nov. 30, 1982.

Robert Niels Tarman, Public Defender, Harrisburg, for appellant.

William H. Behe, Deputy District Attorney, Harrisburg, for Commonwealth, appellee.

Before WICKERSHAM, ROWLEY and WATKINS, JJ.

WICKERSHAM, Judge:

On March 20, 1975 Jones was found guilty of third degree murder after a jury trial. Jones was awarded a new trial for reasons not relevant to this case; after another jury trial, the Honorable Warren G. Morgan presiding, Jones was again convicted of third degree murder. Judge Morgan sentenced Jones to a ten to twenty year prison term and Jones took a direct appeal. The Pennsylvania Supreme Court affirmed the judgment of sentence in a per curiam opinion. *Commonwealth v. Jones*, 477 Pa. 593, 385 A.2d 946 (1978).

Jones next filed a petition for habeas corpus relief alleging that he was unconstitutionally confined because he was imprisoned at some distance from his home town, making family visits difficult. This petition was denied. Jones then filed a petition under the Post Conviction Hearing Act [1] (hereinafter PCHA or Act). Counsel was appointed to assist Jones in his petition, which alleged that he was prejudiced at trial by the prosecutor's reference to and display of exhibits which were not entered into evidence as well as by trial and appellate counsel's failure to object to the display of exhibits. Judge Morgan rejected these contentions without a

---

1. Act of January 25, 1966, P.L. (1965) 1580, § 1 *et seq.*, 19 P.S. § 1180–1 *et seq.* Repealed by Act of April 28, 1978, P.L. 202, No. 53, § 2(2) [1397]. Repeal delayed until June 27, 1981 by Act of June 26, 1980, P.L. 265, No. 77, § 2. Repeal further delayed until June 26, 1982 by Act of June 26, 1981, P.L. 123, No. 41, § 1.

hearing on the ground that the supreme court considered these issues in its decision on Jones' direct appeal. No appeal was taken from this dismissal of Jones' first PCHA petition.

Jones filed another PCHA petition on September 17, 1980. Counsel was again appointed to assist Jones in his petition. In an amended PCHA petition prepared by counsel Jones alleged that several photographs admitted into evidence at his trial were inflammatory and that the trial judge abused his discretion by overruling trial counsel's objections to admission of the photographs. Jones also alleged that his appellate counsel rendered ineffective assistance by failing to preserve the issue of the photographs on appeal and that his first PCHA counsel rendered ineffective assistance by failing to raise the issue of appellate counsel's alleged ineffectiveness. Judge Morgan dismissed this second petition, again without a hearing, and this appeal timely followed.

On December 25, 1974, Jones visited his cousin, Cheryl Williams in the City of Harrisburg. Cheryl Williams was living with her boyfriend, Robert Bedney. Williams and Bedney had an argument and Jones ordered Bedney out of the house at gunpoint. Jones followed Bedney outside, a short time later shots were heard. Jones returned to the house, told his cousin he shot Robert Bedney and left. When the police came they found Robert Bedney lying dead on the porch. Bedney had received four gunshot wounds, including three to the head. At trial Jones claimed he shot Bedney in self-defense.

During Jones' trial, pictures taken at the autopsy performed on the body of Robert Bedney were admitted into evidence over the objection of trial counsel. The objection to admission of the autopsy photographs was not raised in post-trial motions, direct appeal or in the first PCHA petition.

Before addressing the merits of Jones' arguments before us we must determine whether the judge below was correct in dismissing Jones' petition without a hearing. The Act provides:

§ 1180—9.  Hearings

If a petition alleges facts that if proven would entitle the petitioner to relief, the court shall grant a hearing which may extend only to the issues raised in the petition or answer.  *However, the court may deny a hearing if the petitioner's claim is patently frivolous and is without a trace of support either in the record or from other evidence submitted by the petitioner.  The court may also deny a hearing on a specific question of fact when a full and fair evidentiary hearing upon that question was held at the original trial or at any later proceeding.*

The petitioner shall have a full and fair hearing on his petition.  The court shall receive all evidence, which shall be recorded, that is relevant and necessary to support the claims in the petition, including affidavits, depositions, oral testimony, certificate of the trial judge, and relevant and necessary portions of transcripts of prior proceedings.

The petitioner has the right to appear in person at the hearing.

Act of January 25, 1966, P.L. 1580, § 9, eff. March 1, 1966, 19 P.S. § 1180–9 (emphasis added).

As both this section of the Act and case law make clear a petitioner does not have an absolute right to a hearing on a PCHA petition.  *See, Commonwealth v. Sherard*, 483 Pa. 183, 394 A.2d 971 (1978); *Commonwealth v. Overall*, 275 Pa.Super. 206, 418 A.2d 685 (1980) and *Commonwealth v. Miller*, 275 Pa.Super. 236, 418 A.2d 700 (1980).  Even more recently, the Pennsylvania Supreme Court said:

Furthermore, section 1180–9 provides the PCHA court may deny a hearing on a petition if the petitioner's claim is 'patently frivolous and is without a trace of support either in the record or from other evidence submitted by the petitioner.  The court may also deny a hearing on a specific question of fact when a full and fair evidentiary hearing upon that question was held . . . .'  Clearly then, the PCHA contemplates that a second (or greater number of) petition(s) *is* the exception and the decision whether to dismiss such petitions without a hearing lies in the sound

discretion of the PCHA court whose determination in this regard will be affirmed absent abuse. *See Commonwealth v. Sherard,* 483 Pa. 183, 394 A.2d 971 (1978) (right to hearing not absolute and *Commonwealth v. Bennett,* 472 Pa. 314, 372 A.2d 713 (1977).

*Commonwealth v. Alexander,* 495 Pa. 26, 30, 432 A.2d 182, 183–84 (1981).

Here, the judge below was faced with a second PCHA petition and the judge certainly did not abuse his discretion by denying Jones' petition without a hearing.

Jones raises two issues in this appeal:

1. Whether appellate counsel rendered ineffective assistance in failing to preserve the issue of the improper admission of certain photographs at appellant's trial?

2. Whether appellant's counsel on the first post conviction hearing act petition was ineffective in failing to raise the above-mentioned ineffectiveness of appellate counsel?

This is Jones' second PCHA petition and in *Alexander, supra,* the supreme court offered guidance in analysis of cases involving repeated petitions.

The starting point in any review or consideration of multiple PCHA petitions must be section 1180–5(b) of the PCHA which provides:

Any person desiring to obtain relief under this act shall set forth all of his then available grounds for such relief for any particular sentence he is currently serving in such petition and *he shall be entitled to only one petition* for each such crime. The failure to raise any such issue in such petition *shall be deemed* a waiver of any *right* to future presentation of another petition containing grounds for relief that were available and could have been presented. 19 P.S. § 1180–5(b). (emphasis added)

Thus, the PCHA explicitly contemplates a *single* post-conviction proceeding in no uncertain terms. As Mr. Justice Flaherty pointed out in his dissenting opinion in *Commonwealth v. Watlington,* 491 Pa. 241, 420 A.2d 431, 437

(1978), joined by Mr. Justice Kauffman, "a second post-conviction appeal should be the *exception*, not, as is presently the case, the *rule.*"

*Commonwealth v. Alexander, supra,* 495 Pa. at 30, 432 A.2d at 183.

█ Because this is Jones' second petition he would normally have been held to have waived his claim of ineffective assistance of appellate counsel. Any argument that appellate counsel was ineffective should have been presented at the first opportunity, that is, when petitioner received new counsel. *Commonwealth v. Wallace,* 495 Pa. 295, 298, 433 A.2d 856, 858 (1981); *Commonwealth v. Seachrist,* 478 Pa. 621, 387 A.2d 661 (1978). Jones seeks to avoid the consequences of the waiver doctrine by alleging before us that his first PCHA counsel was ineffective for failing to preserve the issue of appellate counsel's ineffectiveness.

Both claims in this appeal may be disposed of by examining the merits of the argument counsel were allegedly ineffective for failing to advance. Jones believes his appellate counsel and his first PCHA counsel should have argued that photographs taken at the autopsy performed on the victim should not have been admitted into evidence. Jones also asserts that appellate counsel had no reasonable basis for failing to argue that the photographs were prejudicial and inflammatory. "In determining whether appellant was denied the effective assistance of counsel, we must make an independent review of the record, and first decide whether the claim with which the attorney is charged with not pursuing had some reasonable basis. Only if the claim which was foregone was of arguable merit must we inquire into counsel's reasons for not pursuing it." *Commonwealth v. Strader,* 262 Pa.Super. 166, 171, 396 A.2d 697, 700 (1978) (citations omitted).

█ After our review of the record before us we conclude that Jones' claim as to the admissibility of the autopsy photographs is without merit. The PCHA judge, who presided over Jones' trial as well, held that the photographs used were not inflammatory per se because the wounds were

cleaned of blood and did not present a gory aspect. Even assuming arguendo that the photographs were gruesome their evidentiary value outweighed any inflammatory tendency. The essential value of the photographs as evidence was to conclusively refute Jones' claim that he acted in self-defense.

Because the claim as to the admissibility of the photographs is meritless, neither appellate counsel nor first PCHA counsel was ineffective for not advancing arguments about the pictures. "[C]ounsel is not ineffective in failing to assert a meritless claim." *Commonwealth v. Hollerbush*, 298 Pa. Super. 397, 444 A.2d 1235 (1982) (citations omitted).

Order affirmed.