454 A.2d 1138

**COMMONWEALTH of Pennsylvania**
**v.**
**Zachary O. SCALES, Appellant.**

Superior Court of Pennsylvania.

Submitted Sept. 20, 1982.

Filed Jan. 14, 1983.

James Lee Goldsmith, Harrisburg, for appellant.

William A. Behe, Deputy District Attorney, Harrisburg, for Commonwealth, appellee.

Before WIEAND, CIRILLO and POPOVICH, JJ.

PER CURIAM:

On October 16, 1979, a jury found appellant, Zachary O. Scales, guilty of rape[1], involuntary deviate sexual inter-

---

**1.** 18 Pa.C.S.A. § 3121.

course[2], and simple assault[3]. No post-trial motions were filed and no direct appeal was taken. Appellant was sentenced to a term of imprisonment.

On November 24, 1980, appellant filed a *pro se* petition under the Post Conviction Hearing Act (PCHA)[4]. On April 2, 1981, court-appointed counsel filed a supplemental PCHA petition on behalf of appellant. The Commonwealth filed an answer on May 12, 1981, and, on the same day, the lower court denied appellant's petition without a hearing. This appeal followed. Appellant's sole contention is that a hearing should have been granted on the issues presented in his supplemental PCHA petition. We agree and, accordingly, reverse and remand for an evidentiary hearing.

In his petition, appellant alleges, *inter alia,* the ineffectiveness of trial counsel for failing to take a direct appeal. Appellant asserts that immediately after sentencing he wrote a letter to his attorney, William Naugle, requesting that Mr. Naugle appeal his case. The PCHA court, in denying appellant's petition, adopted the Commonwealth's answer as its opinion.[5] In its answer, the Commonwealth stated that it had no independent knowledge of this letter. The Commonwealth pointed out that appellant did not offer any specifics as to the date when the alleged letter was

2. 18 Pa.C.S.A. § 3123.

3. 18 Pa.C.S.A. § 2701.

4. 19 P.S. § 1180–1 *et seq.* (Supp.1982–83).

5. This Court disapproves of the method which the PCHA court used to comply with 19 P.S. § 1180–10 which states that, "The order finally disposing of the petition shall state grounds on which the case was determined . . . ." The Pennsylvania Rules of Appellate Procedure require that a judge file at least a brief statement, in the form of an opinion, of the reasons for his order. Pa.R.A.P. 1925(a). The Commonwealth's answer reflects the proper spirit of advocacy with which it was written. A judicial opinion should evidence the reasoning of an impartial decision maker.

written or what the contents would be, and that a copy was not attached. Furthermore, the Commonwealth argued that since appellant had waived his post-trial motions, "It seems incredible that the petitioner could now state that he requested trial counsel to appeal after the petitioner voluntarily limited all his appellate rights."

In *Commonwealth v. Sherard,* 483 Pa. 183, 394 A.2d 971 (1978), our Supreme Court held that "A PCHA petition may *not* be summarily dismissed as 'patently frivolous' when the facts alleged in the petition, if proven, would entitle the petitioner to relief. *Commonwealth v. Yocham,* 473 Pa. 445, 375 A.2d 325 (1977); *Commonwealth v. Walker,* 460 Pa. 658, 334 A.2d 282 (1975); *Commonwealth v. Via,* 455 Pa. 373, 316 A.2d 895 (1974); *Commonwealth v. Johnson,* 431 Pa. 522, 246 A.2d 345 (1968)." *Id.* 483 Pa. at 187, 394 A.2d at 974. Here, appellant's assertion that he requested his trial counsel to file an appeal immediately after his conviction and sentence is uncontradicted. Although the Commonwealth's position in regard to appellant's waiver of his right to file post-trial motions is supported in the record, we cannot make a determination from the record that appellant did not request his counsel to appeal from judgment of sentence. Appellant's petition alleged that the trial court abused its discretion in sentencing appellant and that trial counsel was ineffective for not taking action to challenge the sentence imposed. "[W]hen the issue involved is the effectiveness of counsel, a hearing must ordinarily be held to resolve the question." *Commonwealth v. Johnson,* 231 Pa.Super. 30, 33, 331 A.2d 750, 751 (1974). We remand this case for a hearing on the issue of whether appellant's right to appeal the propriety of his sentence was violated.

Remanded for proceedings consistent with this opinion. Jurisdiction is not retained by this court.