478 A.2d 474

**COMMONWEALTH of Pennsylvania**

v.

**Lenois JACKSON, Appellant.**

Superior Court of Pennsylvania.

Submitted March 24, 1983.

Filed June 22, 1984.

Marilyn Zilli, Assistant Public Defender, Harrisburg, for appellant.

William A. Behe, Deputy District Attorney, Harrisburg, for Commonwealth, appellee.

Before CERCONE, President Judge, and CIRILLO and HOFFMAN, JJ.

PER CURIAM:

On March 17, 1962, appellant was adjudged guilty of second degree murder. A few days later he was also convicted of assault with intent to kill. Appellant was sentenced to an aggregate sentence of thirteen and one-half (13-½) years to twenty-seven (27) years in prison.[1] No appeal was taken. On June 24, 1981 appellant filed a petition pursuant to the Post Conviction Hearing Act, 19 P.S. § 1180-1 *et seq.* (Since reenacted at 42 Pa.C.S.A. § 9541 *et seq.*) Counsel who was appointed to represent him, filed an amended petition. The Commonwealth responded with a motion to dismiss appellant's petition without a hearing. The PCHA court dismissed the petition

---

1. Appellant was paroled in 1975 and later convicted of assault in Tennessee. In 1979, he was found to be in violation of his Pennsylvania Parole and was directed to serve the remainder of his sentence. The Commonwealth has advised us that appellant was again paroled on March 15, 1982.

without a hearing relying upon the Commonwealth's motion to dismiss.[2]

■ On appeal appellant contends the court erred in denying his petition, which was his first such petition, without a hearing. The Commonwealth contends that appellant has failed to overcome the presumption of waiver arising from his delay of almost twenty (20) years in challenging his conviction. Appellant counters that he was not apprised of his appeal rights and that trial counsel was ineffective in failing to take the steps necessary to preserve and prosecute an appeal.[3]

■ Section 1180–9 (now found at 42 Pa.C.S.A. § 9549) of the act reads in part:

(a) **When required.**—If a petition alleges facts that, if proven, would entitle the petitioner to relief, the court shall grant a hearing which may extend only to the issues raised in the petition or answer.

(b) **When not required.**—The court may deny a hearing if the petitioner's claim is patently frivolous and is without a trace of support either in the record or from the other evidence submitted by the petitioner. The court may also deny a hearing on a specific question of fact when a full and fair evidentiary hearing upon that question was held at the original trial or at any later proceeding.

While a hearing on a defendant's first PCHA petition is not mandatory, *Commonwealth v. Whittaker*, 292 Pa.Superior Ct. 172, 436 A.2d 1207 (1981); *see also Commonwealth v.*

**2.** The practice, of relying upon the Commonwealth's response in denying a PCHA petition, was disapproved of in *Commonwealth v. Price, infra.*

**3.** The Commonwealth has attached as exhibits to its brief a letter from appellant and a letter from co-trial counsel, both dated in 1969. The gist of both letters is that counsel did not take an appeal because appellant was satisfied with the verdict. Neither letter is of record. The Supreme Court was faced with a similar problem in *Commonwealth v. Wilkerson, infra,* there the court held it could not consider similar correspondence as it was not properly before the court. Hence we may not consider the letters attached to the Commonwealth's briefs.

*Overall,* 275 Pa.Superior Ct. 206, 418 A.2d 685 (1980), where such a petition alleges that trial counsel failed to file an appeal in spite of the defendant's wishes to do so, a hearing should be conducted to determine whether the defendant knowingly waived his appellate rights. *Commonwealth v. Wilkerson,* 490 Pa. 296, 416 A.2d 477 (1980); *Commonwealth v. Scales,* 309 Pa.Superior Ct. 171, 454 A.2d 1138 (1983); *Commonwealth v. Tresize,* 243 Pa.Superior Ct. 404, 365 A.2d 1287 (1976). In the case at hand, appellant's petition was dismissed without a hearing because of the almost twenty (20) year delay in raising his claim.

Under the PCHA, § 1180–4(b) (now located at 42 Pa.C.S.A. § 9544(b)) issues are deemed waived when:

(1) The petitioner knowingly and understandingly failed to raise it and it could have been raised before the trial, at the trial, on appeal, in a *habeas corpus* proceeding of any other proceeding actually conducted or in a prior proceeding actually initiated under this subchapter.

(2) The petitioner is unable to prove the existence of extraordinary circumstances to justify his failure to raise the issue.

Furthermore, under subsection (c) there is a rebuttable presumption that the failure to take an appeal is a knowing and understanding decision to forego review. *Commonwealth v. Jones,* 477 Pa. 266, 383 A.2d 926 (1978). Appellant contends that he has overcome the statutory presumption by his allegation that counsel was ineffective. Ineffectiveness of counsel may amount to "extraordinary circumstances" precluding a finding of waiver. *Commonwealth v. Belleman,* 300 Pa.Superior Ct. 209, 446 A.2d 304 (1982), *Commonwealth v. Allen,* 280 Pa.Superior Ct. 599, 421 A.2d 1094 (1980). However, the mere assertion that counsel was ineffective does not establish an automatic right to a PCHA hearing. *See Commonwealth v. Alexander,* 495 Pa. 26, 33, 432 A.2d 182 (1981). Here we must determine whether appellant's claim, that counsel was ineffective in failing to appeal his conviction, amounts to extraordinary circumstances. In other words, we must determine whether he

has overcome the presumption that he has waived his right to appeal by delaying for twenty years, and therefore whether he is entitled to a hearing on his claim. It has become well established in this Commonwealth that a lapse of time in filing a PCHA petition is a factor in assessing the petition's merits. *Commonwealth v. Alexander, supra; Commonwealth v. Kenny,* 317 Pa.Superior Ct. 175, 177 n. 1, 463 A.2d 1142, 1143 n. 1 (1983). *Commonwealth v. Courts,* 315 Pa.Superior Ct. 108, 461 A.2d 820 (1983); *Commonwealth v. Courts,* 315 Pa.Superior Ct. 124, 461 A.2d 828 (1983); *Commonwealth v. Strickland,* 306 Pa.Superior Ct. 516, 452 A.2d 844 (1982). However the question we must resolve is whether such delay may be the sole basis for denying a defendant's first PCHA petition, *without a hearing.* We look to existing precedent for guidance.

In *Commonwealth v. Kenney, supra,* this court, after noting that the petitioner had waited, seven years after his conviction had been affirmed on direct appeal to raise a claim of ineffectiveness, went on to review the substantive claim of ineffectiveness. The PCHA court had held a hearing before denying relief. The case of *Commonwealth v. Strickland, supra* is also distinguishable from appellant's situation for two reasons: first, the court conducted a hearing; and second, the substantive issues raised were determined to be without merit.

The two *Courts* cases, cited above, which are more similar to the case at hand in that the petition was denied without a hearing, are however also distinguishable in that this court in both instances found that the substantive issues raised were without merit, and only as an added note was the delayed filing discussed. *None of the above four cases involved a claim that the defendant had been denied his right to appeal due to ineffectiveness of counsel.*

Of particular interest to the current appeal is *Commonwealth v. Kale,* 312 Pa.Superior Ct. 69, 458 A.2d 239 (1983). *Kale* is factually different in that the PCHA court had conducted a hearing, its holding is however specially enlightening in resolving appellant's appeal. This court held:

We find it unnecessary to consider the merits of appellant's several petitions. He has failed to explain the delays, which vary from 7 years, 6 months to 2 years, 10 months, in filing requests to withdraw these pleas of guilty. *He has neither alleged nor proved that he was unaware of his appellate rights or that counsel was ineffective for failing to pursue an expressed desire to appeal.* These unexplained delays bar a consideration of the merits of the several claims which appellant seeks to assert in collateral attacks on his prior convictions.

Id., 312 Pa.Superior Ct. at 72, 458 A.2d at 241 (citations omitted) (emphasis supplied). Here, appellant claims that he was not informed of his appellate rights, and also, that counsel was ineffective in failing to appeal.

■■■ Recently, in *Commonwealth v. Hairston*, 323 Pa. Superior Ct. 449, 470 A.2d 1004 (1984) (Opinion by Johnson, J.; Wieand, J., concurred in the result and Judge Cirillo filed a dissenting opinion) this court excused a greater than four (4) year delay in seeking post-trial relief and remanded for an evidentiary hearing on the substantive issues as the record demonstrated that appellant had not been apprised of his appeal rights. Here, however, we have no record to review as the notes of testimony are missing, presumably as a result of the passage of two decades. Therefore, unlike *Hairston*, we may not determine whether there is any merit to appellant's claim that he was not informed of the right to appeal. Accordingly, following the reasoning of Judge Johnson in *Hairston*, as well as the holdings in *Wilkerson, supra,* and *Scales, supra,* we must remand to allow a record to be developed concerning whether appellant knowingly and intelligently waived his right to pursue an appeal.

■■ We do not mean to infer that a defendant may sit idly by for decades and then seek an appeal from a judgment of sentence which, due to the passage of time, can no longer be supported because of lost records. We share the concern expressed in the Dissenting Opinion, at 3, in *Hairston*, that: "The PCHA was never meant to afford defend-

ants endless opportunities at bombarding the judiciary with frivolous appeals, nor to make a mockery of the concept of judgment finality." Nonetheless, a defendant should be given an opportunity to explain his delay. As was stated in *Commonwealth v. Alexander, supra,* 495 Pa. at 36, 432 A.2d at 186, which addressed the problem of multiple petitions:

> It is unnecessary and undesirable to replace "ineffective assistance equals extraordinary circumstances" with any formula that would not allow the PCHA court to remain flexible in the exercise of sound discretion. As the phrase implies, circumstances might arise which will be truly "extraordinary" and will defy neat categorization. Therefore, the PCHA court should be free to consider all the myriad facts and circumstances surrounding the petition as to the decision to hold a hearing on a second (or a later successive) petition as well as the decision as to whether "extraordinary circumstances" exist excusing failure to preserve an issue.

*Alexander,* clearly did not intend that the *passage of time alone* should require the denial of collateral relief without a hearing, even on successive petitions. Therefore, where a first petition argues the denial of the right to appeal and the record is silent, nonexistent, or lost as to such claim, the PCHA court should allow the petitioner an attempt to demonstrate that he or she did not knowingly and intelligently waive an appeal.[4]

Order reversed and case remanded for an evidentiary hearing. Should the court determine that appellant has not waived his appellate rights then the court should proceed in accordance with *Commonwealth v. May,* 296 Pa.Superior Ct. 435, 442 A.2d 1129 (1982); and *Commonwealth v.*

---

4. We are appalled by the Commonwealth's apparent lack of thoroughness in presenting its position to the Court of Common Pleas, as evidenced by its presentation of exhibits to this court which had not been brought to the PCHA court's attention. See footnote 3, *supra.* We assume that on remand both the Commonwealth and appellant will provide the court with all the relevant available evidence.

*Miranda*, 296 Pa.Superior Ct. 441, 442 A.2d 1133 (1982). We do not retain jurisdiction.

CIRILLO, J., filed a dissenting opinion.

CIRILLO, Judge, dissenting:

I respectfully dissent. In my view the majority's opinion today ignores the waiver doctrine and disregards the Commonwealth's interest in the finality of its criminal judgments.

Undeniably, the right to appeal a conviction is sacred. Still, this hallowed right must compete with the Commonwealth's interest in the legitimacy and credibility of its criminal judgments. The right to appeal therefore must be tailored to accommodate the public's concern with a judgment's *finality*.

In contemplation of these competing interests, our Post Conviction Hearing Act[1] precludes a criminal defendant from obtaining collateral relief where the issues raised either have been waived or finally litigated. 42 Pa.C.S. § 9544; *Commonwealth v. Silvis*, 307 Pa.Super. 75, 452 A.2d 1045 (1982); *Commonwealth v. Harper*, 292 Pa.Super. 192, 436 A.2d 1217 (1981). Moreover, those rulings or issues potentially cognizable on appeal, are *presumptively* treated as waived if a defendant fails to raise them on direct appeal. *Commonwealth v. Silvis, supra; Commonwealth v. Harper, supra.*

I am wholly unpersuaded by appellant's efforts to rebut the presumption of waiver. There is no doubt that appellant did not file an appeal to his convictions in a timely fashion. In his PCHA petition, filed nearly twenty years after the convictions, appellant seeks the collateral relief of the right to appeal *nunc pro tunc*. In order to rebut the presumption of waiver of appeal right, appellant suggests that his failure to appeal and any waiver engendered thereby, was not knowing and intelligent. Specifically, appellant claims that he was not informed of his appellate rights, and

1. 42 Pa.C.S. § 9541, *et seq.*

also, that his counsel was ineffective in failing twenty years ago to pursue an appeal on appellant's behalf.

The majority today remands this case for an evidentiary hearing in order to determine the truth of appellant's allegations. I quarrel with this disposition, for I do not think a remand is necessary in the present circumstance. Generally, a PCHA hearing is unnecessary if it is determined that the claims set forth in the petition are unsupportable by the record and frivolous. 42 Pa.C.S. § 9549; *Commonwealth v. Box*, 305 Pa.Super. 81, 451 A.2d 252 (1982); *Commonwealth v. Sherard*, 290 Pa.Super. 58, 434 A.2d 128 (1981). I am convinced that appellant's claims in rebuttal of the presumption of waiver are totally without merit.

A lapse of time in filing a PCHA petition is a factor to be considered in assessing its merit. *Commonwealth v. Courts*, 315 Pa.Super. 124, 461 A.2d 828 (1983); *Commonwealth v. Strickland*, 306 Pa.Super. 516, 452 A.2d 844 (1983). "Thus, a lengthy, unexplained delay in raising an issue will buttress the presumption of knowing and understanding waiver; conversely the immediate attempt to gain review of alleged error at the earliest possible time would have the opposite effect. *Commonwealth v. Alexander*, 495 Pa. 26, 432 A.2d 182 (1981)." *Commonwealth v. Hairston*, 323 Pa.Super. 449, 470 A.2d 1004 (1984) (Cirillo, J., dissenting).

In this case appellant waited more than nineteen years to file his PCHA petition. In light of this inordinate protraction of filing, appellant's explanation is flimsy, if not unbelievable. Certainly appellant, through at least a twenty year exposure to our criminal justice system, was aware that the right to appeal is not perpetual. *See Commonwealth ex rel. Scoleri v. Myers*, 423 Pa. 558, 225 A.2d 540 (1969) (knowledge of appellate rights imputed to defendant) *Cf. Commonwealth v. Campbell*, 309 Pa.Super. 214, 455 A.2d 126 (1983). If it is true that appellant was not informed of his right to appeal, and it is true that counsel did not pursue an appeal after being requested by appellant to do so, why has appellant remained silent for almost two

decades? In these circumstances, appellant's "prolonged silence becomes deafening." *Commonwealth v. Courts,* 315 Pa.Super. at 134, 461 A.2d at 833.

In short, it is inconceivable to me that appellant could now claim that he has not waived his right to collateral relief when there has not been so much as a murmur from him since 1962. If the waiver doctrine is to have force, and if the concept of judgment finality means anything, we should not lightly lend our imprimatur to appellant's frivolous claims, by remanding for an evidentiary hearing.[2] I am convinced beyond any doubt that appellant has waived his right to appeal. The PCHA court correctly dismissed appellant's petition without a hearing. A remand in this case would be a supreme waste of time.

---

2. Also, an evidentiary hearing would be of no practical benefit. Twenty years have passed and memories have faded. The transcripts of trial proceedings are no longer in the record. It is doubtful that the relevant facts could be reconstructed at this late date.