J-S79020-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| MICHAEL BIVANS | |
| Appellant | No. 583 EDA 2016 |

Appeal from the PCRA Order January 29, 2016
In the Court of Common Pleas of Montgomery County
Criminal Division at No(s): CP-46-CR-2370-2013

BEFORE: GANTMAN, P.J., MOULTON, J., and MUSMANNO, J.

MEMORANDUM BY MOULTON, J.: **FILED NOVEMBER 23, 2016**

Michael Bivans appeals, *pro se*, from the January 29, 2016 order of the Court of Common Pleas of Montgomery County dismissing his petition filed pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S. §§ 9541-9546. We affirm.

On September 24, 2014, Bivans entered an open guilty plea to three counts of robbery (threatening serious bodily injury), one count of burglary (home with person present), and one count of criminal conspiracy to commit robbery (threatening serious bodily injury).[1] After conducting an oral colloquy of Bivans and incorporating his eight-page written colloquy into the record, the trial court accepted Bivans' guilty plea. N.T., 9/24/14, at 3-9.

---

[1] 18 Pa.C.S. §§ 3701(a)(1)(ii), 3502(a)(1), and 903(a), respectively.

On December 15, 2014, the trial court sentenced Bivans to concurrent terms of 8 to 20 years' incarceration for each robbery conviction, 6 to 20 years' incarceration for the burglary conviction, and 6 to 20 years' incarceration for the conspiracy conviction. N.T., 12/15/14, at 26.

On January 13, 2015, Bivans filed a *pro se* motion to withdraw his guilty plea, asserting his innocence and alleging that the Commonwealth had agreed that he would be sentenced to 2 to 4 years' incarceration on each robbery conviction in exchange for his guilty plea. After a hearing on February 4, 2015, the trial court denied this motion.[2] Bivans did not file an appeal but filed a *pro se* PCRA petition on October 14, 2015, claiming that he entered his plea under duress and received ineffective assistance of counsel because his counsel failed to move to suppress incriminating evidence, confront witnesses, or object to the trial court's "illegal mandatory minimum sentence" on the robbery convictions.

On November 9, 2015, the PCRA court appointed counsel, who filed a motion for leave to withdraw and a **Turner**/**Finley**[3] letter on December 29, 2015. On January 5, 2016, based on PCRA counsel's representations and the PCRA court's independent review of the record, the PCRA court granted

---

[2] Bivans also orally requested reconsideration of his sentence, which the trial court denied.

[3] **Commonwealth v. Turner**, 544 A.2d 927 (Pa. 1988); **Commonwealth v. Finley**, 550 A.2d 213 (Pa.Super. 1988) (*en banc*).

counsel leave to withdraw.  That same day, the PCRA court issued a notice of intent to dismiss Bivans' PCRA petition pursuant to Pennsylvania Rule of Criminal Procedure 907, to which Bivans responded on January 26, 2016. The PCRA court dismissed the petition on January 29, 2016.  On February 12, 2016, Bivans timely appealed.

Bivans raises the following issues on appeal:

1. Being that [Bivans] filed on January 13, 2015, a motion to withdrawl [sic] guilty plea, Did the Honorable Court ERR in not granting motion to withdrawl [sic]?

2. Did the Trial Court ERR in using [Bivans'] Juvenile record. Being that [Bivans'] prior record score was in fact a record score of -0- Did the Trial Court give [Bivans] a mandatory minimum sentence of 8 years to 20 years?

3. Being that [Bivans] has newly discovered evidence, Did Trial Court ERR in dismissing [Bivans'] PCRA?

Bivans' Br. at 7.

"Our standard of review from the grant or denial of post-conviction relief is limited to examining whether the PCRA court's determination is supported by the evidence of record and whether it is free of legal error." **Commonwealth v. Ousley**, 21 A.3d 1238, 1242 (Pa.Super. 2011).  "We will not disturb findings that are supported by the record."  **Commonwealth v. Yager**, 685 A.2d 1000, 1003 (Pa.Super. 1996) (*en banc*).

Bivans advances two[4] allegations of ineffective assistance of counsel: (1) counsel failed to file a motion to suppress certain evidence, which caused him to enter a guilty plea under duress, and (2) counsel induced Bivans to enter a guilty plea, thus preventing Bivans from confronting witnesses. Before addressing Bivans' issues, we must first address the Commonwealth's contention that Bivans has waived his ineffective assistance of counsel claims because he pled guilty to his crimes, "thus obviating the need for a trial in the first place, and therefore waiving his right to raise these challenges." Cmwlth.'s Br. at 6. According to the Commonwealth, after a defendant enters a guilty plea, "the only legally cognizable issues in a post-conviction proceeding are those which affect either the voluntariness of the guilty plea or the legality of the sentence." *Id.* (quoting ***Commonwealth v. Casner***, 461 A.2d 324, 325 (Pa.Super. 1983)). The Commonwealth argues that because Bivans' ineffective assistance of counsel claims do not

_____

[4] In his PCRA petition and appellate brief, Bivans attempts to raise an after-discovered evidence claim by way of an ineffective assistance of counsel claim, arguing that his counsel was ineffective for failing to call Bivans' co-defendant to the stand. Bivans claims his co-defendant's testimony would have allegedly "prove[d] [Bivans] had nothing to do with [the] alleged crime." Bivans' Br. at 11, 13. However, in his petition and brief, Bivans failed to allege any of the four elements required to establish an after-discovered evidence claim. ***See Commonwealth v. D'Amato***, 856 A.2d 806, 823 (Pa. 2004). Therefore, Bivans has waived this claim. ***See Commonwealth v. Johnson***, 985 A.2d 915, 924 (Pa. 2009) ("[W]here an appellate brief fails to provide any discussion of a claim with citation to relevant authority or fails to develop the issue in any other meaningful fashion capable of review, that claim is waived").

challenge the voluntariness of his guilty plea, he has waived these claims. *Id.*

Generally, a PCRA court may review guilty pleas only where the petitioner claims the plea was unlawfully induced. However, this Court has stated that "all constitutionally cognizable claims of ineffective assistance of counsel may be reviewed under the PCRA." *Commonwealth v. Lynch*, 820 A.2d 728, 731 (Pa.Super. 2003) (quoting *Commonwealth ex rel. Dadario v. Goldberg*, 773 A.2d 126, 130 (Pa. 2001)). Construing Bivans' petition and brief liberally, we understand Bivans to argue that he entered a plea under duress because of counsel's ineffective assistance, which is a claim cognizable under Section 9543(a)(2)(ii). Accordingly, we will address the merits of this claim.

"[T]o be entitled to relief on a claim of ineffective assistance of counsel, the PCRA petitioner must plead and prove by a preponderance of the evidence that (1) the underlying claim has arguable merit; (2) counsel whose effectiveness is at issue did not have a reasonable basis for his action or inaction; and (3) the PCRA petitioner suffered prejudice as a result of counsel's action or inaction." *Commonwealth v. Steele*, 961 A.2d 786, 796 (Pa. 2008). "Allegations of ineffectiveness in connection with the entry of a guilty plea will serve as a basis for relief only if the ineffectiveness caused appellant to enter an involuntary or unknowing plea." *Commonwealth v. Allen*, 732 A.2d 582, 587 (Pa. 1999). "In determining whether a guilty plea was entered knowingly and intelligently, a reviewing

court must review all of the circumstances surrounding the entry of that plea." ***Id.***

Here, Bivans asserts that his counsel induced him to enter an involuntary plea. The PCRA court aptly analyzed the merits of Bivans' involuntariness claim as follows:

> In this case, the colloquies, both oral and written were extensive and covered all of the areas required by law. At the time of the colloquy, Bivans was 25 years of age and had obtained a GED. Bivans denied being under the influence of drugs or alcohol. He also denied that anyone had forced him to plead guilty. He affirmed that he was entering a guilty plea of his own free will. He also denied that anyone had made any threats that would cause him to plead guilty. Bivans acknowledged that he understood the maximum penalties for his crimes and that he was giving up his right to have a trial by jury. Further, Bivans agreed to the facts as set forth by the Commonwealth. Moreover, Bivans understood the nature of the charges he pleaded guilty to, that he is presumed innocent until proven guilty and of the permissible range of sentences and fines for the offenses charged.
>
> Bivans' assertion in his PCRA petition that he entered his guilty plea under duress, it is completely belied by both his testimony in court and his affirmations in his written guilty plea colloquy. Bivans is bound by the statements he made at that time. Commonwealth v. Brown, 48 A.3d 1275, 1277 (Pa.Super. 2012) (A defendant is bound by the statements made during the plea colloquy, and a defendant may not later offer reasons for withdrawing the plea that contradict statements made when he pled.).

Trial Court Opinion, 4/5/16, at 6-7 ("1925(a) Op.) (record citations omitted). The PCRA court's determination is supported by the record and free of legal error.

Independent of his ineffective assistance of counsel claims, Bivans also argues that the trial court erred in denying his motion to withdraw his guilty plea. To be eligible for PCRA relief, "a petitioner must plead and prove," among other things, "that the allegation of error has not been previously litigated or waived." 42 Pa.C.S. § 9543(a)(3). A petitioner waives an allegation of error where he "could have raised it but failed to do so before trial, at trial, during unitary review, **on appeal** or in a prior state postconviction proceeding." *Id.* § 9544(b) (emphasis added). Bivans raised an issue regarding the validity of his guilty plea before the trial court, but failed to file a direct appeal. Because Bivans could have raised this issue on direct appeal from his judgment of sentence, *see Commonwealth v. Whittaker*, 436 A.2d 1207, 1208 (Pa.Super. 1981), he has waived his right to challenge it on collateral review.

Bivans next raises two sentencing issues. First, he argues that the trial court miscalculated his prior record score by inappropriately including Bivans' juvenile adjudications of delinquency. In the argument section of his brief, Bivans frames this issue as an ineffective assistance of counsel claim, arguing that his counsel failed to object to the calculation of the prior record score. Bivans' Br. at 11-12. The Commonwealth argues that Bivans' claim is a discretionary aspect of sentencing claim, which is not cognizable under the PCRA. Cmwlth.'s Br. at 7. We agree with the Commonwealth.

It is well settled that a challenge "to the calculation of the Sentencing Guidelines raises a question of the discretionary aspects of a defendant's

- 7 -

sentence." ***Commonwealth v. O'Bidos***, 849 A.2d 243, 253 (Pa.Super. 2004) (quotation omitted). Further, "[c]hallenges to the discretionary aspects of sentencing are not cognizable under the PCRA." ***Commonwealth v. Fowler***, 930 A.2d 586, 593 (Pa.Super. 2007). Bivans' claim of ineffective assistance of counsel for failing to object to his prior record score also fails. This Court recently upheld the use of juvenile adjudications in calculating an adult offender's prior record score. ***Commonwealth v. Bonner***, 135 A.3d 592, 606 (Pa.Super.), ***app. denied***, 145 A.3d 161 (Pa. 2016). Accordingly, this claim lacks merit.

Bivans also argues that the trial court imposed an illegal mandatory minimum sentence. According to Bivans, the trial court sentenced him pursuant to 42 Pa.C.S. § 9712, a now-unconstitutional statute[5] that mandated higher minimum sentences for persons who committed a crime of violence while visibly possessing a firearm that placed the victim in reasonable fear of death or serious bodily injury. Bivans' Br. at 14. Because Section 9712 was declared unconstitutional in the wake of ***Alleyne v. United States***, 133 S.Ct. 2151 (2013), Bivans argues that his sentence is illegal. Bivans' Br. at 16, 19. We disagree.

---

[5] This Court declared Section 9712 unconstitutional in ***Commonwealth v. Valentine***, 101 A.3d 801 (Pa.Super. 2014), ***app. denied***, 124 A.3d 309 (Pa. 2015).

The Commonwealth did not seek, and the trial court did not apply, a mandatory minimum sentence. **See** 1925(a) Op. at 7-8. Rather, the trial court sentenced Bivans in the aggravated range of the Sentencing Guidelines, and the Guidelines calculation sheets show possible consideration of the deadly weapon enhancement. Further, as the Commonwealth points out, the trial court applied a discretionary minimum sentence of eight years' incarceration, well beyond the mandatory minimum sentence of five years' incarceration in Section 9712. Because Bivans was not sentenced pursuant to Section 9712, or any other mandatory minimum sentencing statute, he is not entitled to relief.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 11/23/2016